[Civ. No. 47337. Second Dist., Div. Four. Sept. 1, 1976.]

BOARD OF EDUCATION OF LOS ANGELES COUNTY et al.,
Plaintiffs and Appellants, v.
COMMISSION ON PROFESSIONAL COMPETENCE et al.,
Defendants and Respondents;
LEO FRANCIS SMYTH, Real Party in Interest and Appellant.

CALIFORNIA TEACHERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
COMMISSION ON PROFESSIONAL COMPETENCE,
Defendant and Respondent;
RICHARD M. CLOWES, as Superintendent, etc., et al.,
Real Parties in Interest and Appellants.

---

**COUNSEL**

John H. Larson, County Counsel, and Stephen K. Matson, Deputy County Counsel, for Plaintiffs and Appellants Board of Education and for Real Parties in Interest and Appellants.

Reich, Adell & Crost, Paul Crost and Hirsch Adell for Plaintiffs and Appellants California Teachers Association and for Real Party in Interest and Appellant.

No appearance for Defendants and Respondents.

---

**OPINION**

**KINGSLEY, Acting P. J.**—Appellants appeal from a judgment denying a petition for writ of mandate to set aside a decision of respondent, Commission on Professional Competence (CPC), dismissing appellant, Leo F. Smyth (Smyth), from employment by the Board of Education of the County of Los Angeles (Board). We reverse.

Respondents, Board and the Superintendent of Schools of the County of Los Angeles (Clowes), cross-appeal from the above named judgment wherein it is ordered that cross-appellants pay Smyth back salary and wherein cross-appellants' request for further relief is denied. We affirm as to those portions of the judgment.

*Facts*

On May 29, 1973, the Board and Clowes notified appellant, Smyth, a classroom teacher employed by the Board, that he was charged with immoral conduct and evident unfitness for service and was therefore immediately suspended pursuant to Education Code section 13410.

Smyth thereafter demanded a hearing on the above charges, which was held before the Commission on Professional Competence (CPC).

On October 11, 1973, the CPC decided that it did not have jurisdiction to consider the charge of evident unfitness for service, since notice of said charge was not given until May 29, 1973, well after the May 15 deadline for dismissal notices for such a reason, under Education Code section 13405. The CPC further found that Smyth was not guilty of immoral conduct, and thus concluded that he should not be dismissed.

The Board then filed a petition for writ of mandate seeking to vacate said decision of the CPC. The superior court granted the writ on the ground that the CPC should have considered the ground of evident unfitness for service as a basis for dismissal.[1]

On remand, the CPC, on July 1, 1974, without additional evidentiary hearings, reaffirmed its prior decision that Smyth was not guilty of immoral conduct, but found him guilty of evident unfitness for service and ordered that he be dismissed. The effect of this decision was to require the Board to make Smyth whole for lost salary between May 29, 1973, (the date when he was suspended) and July 1, 1974, (the date of the CPC's decision).

Both parties, thereafter, filed petitions for writs of mandate to set aside portions of the above CPC decision. Both petitions were denied by the superior court. This appeal followed.

I

The crux of the instant controversy lies in the meaning of Education Code sections 13403-13410 taken as a whole.[2] Section 13403 provides specific grounds for dismissal of permanent educational employees. Subdivision (e) thereof provides that "evident unfitness for service" is a ground for dismissal. Section 13405 is *in pari materia* with section 13403 (*Board of Trustees* v. *Porini* (1968) 263 Cal.App.2d 784 [70 Cal.Rptr. 73]) and provides that notice of dismissal shall not be given between May 15 and September 15 in any year.

---

[1]That ruling was purely interlocutory, designed expressly to give CPC time to comply with the court's desire for full factual findings on all issues raised by the Board. Thus, it is the final judgment, rendered by the trial court on August 21, 1974, that is before us on this appeal.

[2]Hereinafter all section references are to the Education Code.

Section 13408 provides for the immediate suspension of permanent employees upon filing of certain charges, one of which is immoral conduct. Section 13410 provides by negative inference that notice of suspension and intention to dismiss may be given at any time and, therefore, for section 13408 charges, the May 15 to September 15 notice moratorium is inapplicable.

The issue, as succinctly put by appellants, is whether the Board can dismiss a permanent employee on section 13403 grounds by notice given in the May 15 to September 15 period, solely because the employee was, at the same time, suspended and given notice of intent to dismiss for a section 13408 cause. Appellant correctly contends, and we hold, that the filing of a section 13408 charge during the section 13405 moratorium period does not give the CPC jurisdiction to hear a joined section 13403 charge. Thus, the notice provisions of section 13405 and section 13410 are of independent relevance and section 13410 does not supersede section 13405.

Although the above issue is one of first impression, we are guided by analogous case law. In *Livermore Valley Joint Unified Sch. Dist.* v. *Feinberg* (1974) 37 Cal.App.3d 920 [112 Cal.Rptr. 923], a loophole in the statutory language would have allowed the school district to avoid giving 90 days notice, as required by section 13407, to an errant teacher if the charge was brought under section 13403.5 instead of section 13403, although the charges under both section 13403.5 and section 13403 were, in fact, the same. The court stated this ". . . would permit astute counsel to avoid the notice requirement by labelling a single ground for dismissal under one section rather than its identical twin. Endorsement of such a triumph of mere form is unattractive." (At p. 922.) Analogously, in the instant case, if we hold as respondent would have us, then the Board, whenever it wanted to avoid the moratorium provisions of section 13405, would merely add a section 13408 charge to the section 13403 charge, thus immediately suspending the employee and obtaining a hearing at any time of the year in contravention of section 13405. This "triumph of mere form" would render section 13405 a nullity. As both sections 13405 and 13410 were enacted at the same time, the Legislature could not have intended to have the one section so easily nullified.

However, respondents contend that *Porini, supra*, 263 Cal.App.2d 784, controls the instant case, in that it stands for the proposition that section 13410 supersedes section 13405. Respondents are mistaken in this

contention as *Porini* is readily distinguishable. Thus, *Porini* involves charges solely under section 13408, instead of dual charges under sections 13403 and 13408 as in the instant case.

We therefore conclude that finding of fact No. 19 was in error, reverse the superior court's judgment in part and find conclusion of law No. 2 in error, as the CPC, because of the Board's noncompliance with section 13405, did not have jurisdiction to enter its decision to dismiss Smyth on the 13403, subdivision (e) grounds.

As we decide the case on the above point, we need not and do not consider appellants' other contention.

## II

Respondents cross-appeal, contending that the superior court failed to make findings and dispose of the issue of whether the CPC's decision that Smyth is not guilty of immoral conduct is supported by the findings of the CPC. Respondents err in this contention and ignore the superior court's finding of fact No. 20 and conclusion of law No. 3, both of which state that "[i]n the *independent* judgment of the Court, the findings of respondent Commission on Professional Competence, separately and collectively, are supported by the weight of the evidence." (Italics supplied.)

We therefore affirm that portion of the judgment which states that any further relief requested by respondents is denied.

## III

Respondents further cross-appeal contending that the superior court was in error in affirming the CPC's decision to award Smyth back salary from May 29, 1973, to July 1, 1974. Section 13439, which controls the issue of back salary states, "[i]f the employee has been suspended pending the hearing, he shall be reinstated within five days after the governing board's decision in his favor, and shall be paid full salary by the governing board for the period of his suspension."

■ Respondent incorrectly argues that the back salary provision only applies if the employee prevails in the section 13413 hearing on the charges, regardless of whether these charges are under section 13403 or

section 13408. Thus, the logical extension of respondents' argument is that respondent would have an employee who was charged under section 13403 receive back salary if cleared of that charge, even though such an employee could not be suspended on a section 13403 charge.

Rather than read section 13439 in the manner respondent would have us, we read that section as meaning that, if an employee is suspended, (which suspension is necessarily pursuant to a section 13408 charge), then, upon being cleared of such charge, the employee shall be paid full salary for the period of the suspension. The fact that the employee may be dismissed for charges other than section 13408 charges at the same time he or she is cleared of the section 13408 charges, merely reads out the reinstatement clause of section 13439 and is immaterial to the back salary provision.

We therefore affirm as to the back salary portion of the judgment.

The judgment appealed from is reversed in part and affirmed in part, consistent with this opinion.

Dunn, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied September 21, 1976, and the petition of the appellants Board of Education and Superintendent of Schools for a hearing by the Supreme Court was denied October 28, 1976.