[Civ. No. 41403. First Dist., Div. One. Aug. 10, 1978.]

ROBERTA DEE VON DURJAIS, Plaintiff and Appellant, v.
BOARD OF TRUSTEES OF ROSELAND SCHOOL DISTRICT,
Defendant and Respondent.

COUNSEL

David E. Peterson for Plaintiff and Appellant.

James P. Botz, County Counsel, and John C. Gaffney, Assistant County Counsel, for Defendant and Respondent.

OPINION

RACANELLI, P. J.—Appellant sought declaratory relief for unpaid salary under the terms of her written contract of employment as a probationary certificated employee with respondent Board of Trustees, Roseland School District (hereafter Board) for the period of time she had been suspended and placed on compulsory leave of absence pending resolution of charges against her, one of which ultimately resulted in her dismissal.

*Facts*

The record discloses the following facts relevant to our discussion. As a result of a criminal complaint lodged against appellant charging multiple violations of the Health and Safety Code,[1] the Board, acting under authority of sections 12912.5 and 13409 of the Education Code,[2] placed appellant on compulsory leave of absence on October 17, 1974. The complaint was dismissed on October 31, 1974. One week later, the Board adopted and filed a formal statement of charges specifying four separate grounds for dismissal under section 13403;[3] the enabling resolution directed service of a statutory notice of intention to dismiss (see § 13404) and ordered that the compulsory leave status remain in effect pending final determination of the charges. Upon appellant's demand, a hearing was conducted before the commission on professional competence (hereafter Commission). (See generally §§ 13403, 13404, 13410 and

---

[1]The complaint alleged violations of Health and Safety Code sections 11351 (possession of peyote for sale), 11357 (possession of marijuana) and 11358 (cultivation of marijuana).

[2]Unless otherwise indicated, all statutory references are to the Education Code. As a result of reorganization of the Education Code, effective April 30, 1977, sections 12912.5 and 13409 have been renumbered as sections 44011 and 44940, respectively. Section 13403 et seq. has likewise been renumbered section 44932 et seq.

[3]The statutory grounds listed were immoral conduct (subd. (a)), dishonesty (subd. (c)), evident unfitness for service (subd. (e)), and the three Health and Safety Code violations.

13413.) In its final decision filed May 15, 1975, ordering that appellant be dismissed, the Commission found that appellant had possessed marijuana and determined that the evidence establishing such unlawful possession constituted grounds for discipline and evident unfitness for service pursuant to section 13403, subdivision (e); it further determined that the evidence failed to establish any of the other grounds charged. Upon denial of appellant's claim for back pay during her period of suspension and leave, appellant initiated the instant litigation limited to an adjudication of her right to unpaid salary under the terms of her employment contract. The matter was submitted for decision by the trial court on the basis of the pleadings and documentary exhibits including the written decision of the Commission; however, no transcript of the administrative proceedings was lodged by the parties. Treating the complaint as a petition for mandamus, the trial court made independent findings of fact which, while adopting certain of the Commission's findings, included an independent finding that appellant had unlawfully possessed peyote as well as marijuana, which constituted—in legal effect—immoral conduct. Based on those findings, the court concluded that such immoral conduct presented valid grounds for appellant's suspension (for which back pay was unauthorized).

I

We begin our discussion by first reviewing the statutory scheme covering a school employee's right to recover unpaid compensation accruing during a period of suspension or while on compulsory leave pending resolution of dismissal charges.[4]

Under the provisions of section 13408, a permanent employee may be suspended without pay upon the filing of certain written charges (*Hankla v. Governing Bd:* (1975) 46 Cal.App.3d 644, 652 [120 Cal.Rptr. 827]) including immoral conduct. Section 13409 provides, in relevant part, that a certificated employee charged with certain defined narcotics offenses (including the specific offenses charged against appellant) may be placed on compulsory leave of absence with pay if "he furnishes . . . a suitable bond, or other [acceptable] security" to assure repayment of the salary paid during leave status in the event the charges are sustained or the employee fails to return to service following acquittal or dismissal of such charges. If no bond or security is furnished, the employee is entitled to

---

[4]Probationary employees are subject to dismissal proceedings during the school year for cause only. (§ 13442.)

full compensation only in the event of acquittal or dismissal "upon his return to service . . . ." (§ 13409.)

Thus, while section 13403 provides the specific grounds for dismissal (*Board of Education* v. *Commission on Professional Competence* (1976) 61 Cal.App.3d 664, 667 [132 Cal.Rptr. 516]), interim suspension or compulsory leave of absence may only be imposed where the grounds charged include one or more of those specifically designated in the statutes. (§§ 13408, 13409.) The issue of entitlement to back pay for the period of *suspension* in the event the employee is cleared of such charges is governed by section 13439 (*id.,* at p. 670) which reads as follows: "If the employee has been suspended pending the hearing, he shall be reinstated within five days after the governing board's decision in his favor, and shall be paid full salary by the governing board for the period of his suspension."

In a case factually parallel, that section has been interpreted to mean that "if an employee is suspended, (which suspension is necessarily pursuant to a section 13408 charge), then, upon being cleared of such charge, the employee shall be paid full salary for the period of the suspension. The fact that the employee may be dismissed for charges other than section 13408 charges at the same time he or she is cleared of the section 13408 charges, merely reads out the reinstatement clause of section 13439 and is immaterial to the back salary provision." (*Board of Education* v. *Commission on Professional Competence, supra,* 61 Cal.App.3d 664, 670.)

We agree with and follow that interpretation. A contrary conclusion could conceivably result in a subversion of the statutory scheme through the simple expedient of superficially joining a charge authorizing suspension without pay with a substantive dismissal charge for which neither suspension nor compulsory leave is authorized.

Since the net result of the Commission's decision was to clear appellant of all charges upon which suspension and compulsory leave were based,[5]

[5]Insofar as the merits of the issue of back pay are concerned, we perceive no meaningful distinction under the circumstances in the application of the sections as to whether the claim for unpaid salary arises from suspension (§ 13408) or compulsory leave of absence (§ 13409). Indeed, the Board's formal resolutions made no distinction in initially ordering a "compulsory leave of absence" under sections 13409 and 12912.5 and providing that service of a copy of the resolution serve as "notice of said suspension" (Oct. 17, 1974, resolution), and in subsequently continuing the compulsory leave order "as provided in . . . sections . . . 13408 and 13409." (Nov. 7, 1974, resolution.)

the fact of her dismissal on the charge of evident unfitness for service (§ 13403, subd. (e)) is irrelevant to the issue of back pay. (*Board of Education* v. *Commission on Professional Competence, supra,* 61 Cal.App.3d 664, 670.) In light of the conclusions we reach herein, appellant is entitled to receive back salary for the period of such suspension.

## II

■ Appellant further contends that the trial court acted in excess of its jurisdiction in independently reviewing the administrative findings and decision and thereafter concluding as a matter of law that she was guilty of immoral conduct justifying her suspension. The Board counters such contention by arguing that the underlying action—in effect—sought review of the Commission's decision in an administrative mandamus proceeding thus invoking the court's power to independently weigh the evidence as provided under section 13414. We find appellant's contention persuasive.

First, as correctly asserted by appellant, the only question presented by her petition was one of law. No attack was made on the decision of the Commission ordering her dismissal nor, as observed, on the underlying administrative findings. The single issue relating to a claim for back salary rested solely on questions of statutory and contract interpretation, matters traditionally reviewable in a declaratory relief action. (See *Walker* v. *County of Los Angeles* (1961) 55 Cal.2d 626, 637 [12 Cal.Rptr. 671, 361 P.2d 247]; see generally 26 Cal.Jur.3d, Declaratory Relief, § 24, pp. 51-52, § 31, pp. 64-65.)

Assuming, arguendo, that the issue could only be reached in an action for administrative mandamus, the independent judgment rule only comes into play where the sufficiency of the administrative findings are challenged as not supported by the weight of the evidence. (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 32 [112 Cal.Rptr. 805, 520 P.2d 29]; Code Civ. Proc., § 1094.5, subd. (c); *Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 143 [93 Cal.Rptr. 234, 481 P.2d 242]; Ed. Code, § 13414.) Absent such challenge, as here, such findings must be accepted as true. (*Black* v. *State Personnel Board* (1955) 136 Cal.App.2d 904, 909 [289 P.2d 863].) Moreover, had the Board properly pleaded and raised such challenge below, it was incumbent upon it to present a transcript of the testimony and proceedings before the Commission (*Mattison* v. *City of Signal Hill* (1966) 241 Cal.App.2d 576, 582-583 [50

Cal.Rptr. 682]; Gov. Code, § 11523); having failed to do so, no legal basis existed for the trial court to exercise its independent judgment. (Ed. Code, § 13414; see *Feist* v. *Rowe* (1970) 3 Cal.App.3d 404, 422-423 [83 Cal.Rptr. 465]; *Mattison* v. *City of Signal Hill, supra,* 241 Cal.App.2d at pp. 582-583; *Black* v. *State Personnel Board, supra,* 136 Cal.App.2d at p. 909.) In the absence of such underlying transcript, the findings and determination of the Commission must—on review—be accorded a strong presumption of correctness and regularity. (*Feist* v. *Rowe, supra,* 3 Cal.App.3d at p. 422; *Mattison* v. *City of Signal Hill, supra,* 241 Cal.App.2d at p. 584.)

## III

■ We also agree with appellant's further contention that, in any case, a finding of possession of marijuana (or peyote)—without more—does not constitute immoral conduct as a matter of law.

It is now well established that whether an offense relating to possession of prohibited substances as here involved constitutes immoral conduct presents a *factual* issue to be determined in light of all of the surrounding facts and circumstances. (*In re Cohen* (1974) 11 Cal.3d 416, 421 [113 Cal.Rptr. 485, 521 P.2d 477]; *Board of Trustees* v. *Judge* (1975) 50 Cal.App.3d 920, 923 [123 Cal.Rptr. 830] [possession of marijuana not moral turpitude per se]; *Governing Board* v. *Brennan* (1971) 18 Cal.App.3d 396, 400 [95 Cal.Rptr. 712]; see also *Board of Education* v. *Jack M.* (1977) 19 Cal.3d 691, 702, fn. 6 [139 Cal.Rptr. 700, 566 P.2d 602].) Not only was no such finding made, but the Commission expressly determined that the evidence failed to establish the charge of immoral conduct. The trial court's reasoning equating the Commission's finding of unlawful possession as immoral conduct per se is unsound and must be rejected.

## IV

■ Finally, appellant's claim for an award of attorney fees as provided by Government Code section 800 (where the administrative determination results from "arbitrary or capricious action or conduct by a public entity") is unwarranted and must be denied. Unlike the showing considered in *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920, 923 [102 Cal.Rptr. 248] (characterizing the public agency's discharge of the claimant as "discriminatory and illegal" and "sharply discriminatory"), the record discloses neither evidence of arbitrary conduct nor bad faith

on the part of the Board, and merely reflects a bona fide dispute concerning interpretation of the statute governing back salary.[6] Such showing is insufficient to justify the imposition of the statutory sanction. (See *Healdsburg Police Officers Assn.* v. *City of Healdsburg* (1976) 57 Cal.App.3d 444, 457 [129 Cal.Rptr. 216].)

Since no finding was made as to the actual amount of unpaid salary during the period of suspension, we reverse the judgment with instructions to enter judgment in favor of appellant in the amount found due under the terms of the contract of employment.

Judgment reversed with directions to undertake further proceedings consistent with the views expressed herein.

Elkington, J., and Newsom, J., concurred.

A petition for a rehearing was denied September 7, 1978, and respondent's petition for a hearing by the Supreme Court was denied October 4, 1978.

---

[6]We note that the decision in *Board of Education* v. *Commission on Professional Competence, supra,* 61 Cal.App.3d 664, interpreting section 13439, was filed over a year after the Board had denied appellant's claim for back pay.