[Civ. No. 17517. Third Dist. Mar. 21, 1979.]

MONTY S. MITCHELL, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Appellant.

## COUNSEL

Turner & Sullivan and Robert J. Sullivan for Plaintiff and Appellant.

Loren E. McMaster as Amicus Curiae on behalf of Plaintiff and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, and M. Anthony Soares, Deputy Attorney General, for Defendant and Appellant.

## OPINION

**EVANS, J.**—Plaintiff, Monty S. Mitchell, was employed as a psychiatric technician at Porterville State Hospital. His duties included the care of a severely retarded paraplegic male patient. On the morning of August 16, 1976, plaintiff removed the patient from his bed and replaced his urine-soiled sheets. The patient was returned to the bed, dressed, and lifted from the bed to be placed in a wheelchair; at that time and while in the plaintiff's arms, the patient urinated. Plaintiff dropped the patient to the floor and kicked him in the head causing lacerations above the eye. The incident was observed and reported to the hospital authorities by plaintiff's supervisor and another psychiatric technician.

Two days later, on August 18, 1976, plaintiff was placed on leave of absence pursuant to Government Code section 19574.5.[1] Following 12

---

[1]Hereinafter, unless otherwise indicated, all statutory references are to the Government Code.

Section 19574.5 provides: "Pending investigation by the appointing power of accusations against an employee involving misappropriation of public funds or property, drug

days of investigation the hospital administration formally notified plaintiff of his dismissal, the reasons therefor, his right to a hearing within five days before the medical director of the hospital and his right to appeal the dismissal to the State Personnel Board (Board) (§ 19575). The dismissal was made retroactive to August 18, 1976.[2]

Plaintiff did not seek a hearing before the director but did appeal his dismissal to the Board. A hearing was held on November 5 and 12, 1976, and a decision was made on December 1, 1976. The decision of the hearing officer, adopted by the Board as its own, found the dismissal not to be in violation of the procedural due process requirements established in *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774], and additionally found the punitive action of dismissal proper.

Plaintiff petitioned for writ of mandate pursuant to Code of Civil Procedure section 1094.5. He did not contest the factual findings regarding the incident nor the punitive action imposed, but urged as the sole ground for judicial intervention a denial of due process based upon the lack of a predismissal hearing, as required by *Skelly* v. *State Personnel Bd., supra.* The trial court agreed and awarded back pay from August 18, 1976, through December 1, 1976, but denied plaintiff's request for attorney fees. Both parties appeal.

The material factual allegations in the petition are not disputed. We begin our analysis having in mind certain well-settled principles of appellate review. Our task, as was that of the trial court, is limited to an

addiction, mistreatment of persons in a state institution, immorality, or acts which would constitute a felony or a misdemeanor involving moral turpitude, the appointing power may order the employee on leave of absence for not to exceed 15 days. The leave may be terminated by the appointing power by giving 48 hours' notice in writing to the employee.

"If punitive action is not taken on or before the date such a leave is terminated, the leave shall be with pay.

"If punitive action is taken on or before the date such leave is terminated, the punitive action may be taken retroactive to any date on or after the date the employee went on leave. Notwithstanding the provisions of Section 19574, the punitive action, under such circumstances, shall be valid if written notice is served upon the employee and filed with the board not later than 15 calendar days after the employee is notified of the punitive action."

[2]Except where necessary to an accurate resolution of the issues presented, we will treat plaintiff's date of dismissal as August 30, 1976.

independent evaluation of questions of law based upon the factual matters set forth and agreed upon. (*Goddard* v. *South Bay Union High School Dist.* (1978) 79 Cal.App.3d 98, 105 [144 Cal.Rptr. 701]; *Shoban* v. *Board of Trustees* (1969) 276 Cal.App.2d 534, 541 [81 Cal.Rptr. 112].)

The first issue presented is whether plaintiff's dismissal, without benefit of a predismissal hearing, comports with constitutional notions of due process.[3] The Board asserts that this case is distinguished from *Skelly* as it presents "extraordinary circumstances" requiring prompt removal to avert harm to the public. The Board contends that postponement of plaintiff's removal would constitute criminally negligent conduct on the part of the hospital administration, justifying the postponement of procedural due process requirements until after plaintiff's dismissal. Plaintiff, on the other hand, urged that this case is squarely controlled by *Skelly,* supra, 15 Cal.3d 194, and *Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395 [134 Cal.Rptr. 206, 556 P.2d 306].

In *Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d 194, the California Supreme Court unanimously held that nonprobationary public employees were entitled to certain procedural safeguards *before* punitive action could be taken against them.[4] (*Id.,* at p. 215.) However, that opinion does not reject the concept that under extraordinary circumstances the governmental interest in prompt removal of its employees may outweigh the employee's right to a predismissal hearing. However, the decision evolved from a nonemergency situation (*id.,* at p. 216) and cannot be considered as direct authority for the issue raised here. (*People* v. *Burnick* (1975) 14 Cal.3d 306, 317 [121 Cal.Rptr. 488, 535 P.2d 352]; *In re Tartar* (1959) 52 Cal.2d 250, 258 [339 P.2d 553].)

In *Barber* v. *State Personnel Bd., supra,* 18 Cal.3d 395, the employee was first suspended from employment pursuant to section 19574.5 (*id.,* at p. 399), a fact which might imply the existence of an emergency situation. However, it does not appear from the court's opinion that the issue of

[3] Plaintiff has not attacked the constitutionality of section 19574.5 insofar as it allows the imposition of an unpaid leave of absence or that portion of section 19574.5 which allows for a retroactive date of dismissal. As neither question is necessary for a disposition of this matter the court will not consider those potential constitutional questions. (See *Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65 [195 P.2d 1].)

[4] The procedural safeguards include the right to be informed of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based and the right to respond to the authority initially imposing discipline. (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 215 [124 Cal.Rptr. 14, 539 P.2d 774].)

whether emergency circumstances would warrant postponement of the rights afforded in *Skelly* was raised or considered.

Despite our conclusion that the constitutionality of the postponement of procedural due process rights remains open, we need not consider whether the circumstances of this case authorize the abrogation of those procedures. Two days after the incident involving plaintiff and the patient, plaintiff was placed on forced administrative leave, followed by his dismissal 12 days later. ▮ ˙ His conduct was the type of conduct contemplated by section 19574.5 and was a valid basis for his forced administrative leave. The forced leave removed any emergency which might have been presented by plaintiff's continued presence at the hospital. It is significant, and we note that the interval of time between the unpaid leave (§ 19574.5) and the ultimate dismissal (a nonemergency period), affords the employing agency the opportunity *fully* to investigate the incident and plaintiff an opportunity to respond meaningfully to the charges at a predismissal hearing. Here, utilization of an emergency exception to the procedural requirements announced in *Skelly* is unwarranted. The hospital's failure to provide a predismissal hearing denied plaintiff the due process of law described in *Skelly*.

▮ The Board next contends that, assuming plaintiff was initially denied the full panoply of his constitutional due process rights, his entitlement to back pay was improperly measured. While we disagree with the Board's choice of dates, the contention otherwise has merit.

Section 19584[5] provides for back pay during the period punitive action was improperly in effect. *Barber* v. *State Personnel Bd., supra,* 18 Cal.3d 395, determined that this period ran from the time the unlawful discipline is imposed "until the employee has been given an opportunity to present his arguments to the authority *initially* imposing discipline." (*Id.,* at p. 403; italics in original.)

Here the nondisputed facts disclose the unlawful discipline was imposed on August 30, 1976. The facts further disclose that on that date, Mitchell was notified of his right to a hearing before the hospital director within five days; the director was empowered to amend, modify, or revoke the discipline imposed. Mitchell's failure to avail himself of the

---

[5]Section 19584 provides in pertinent part: "Whenever the board revokes or modifies a punitive action and orders that the employee be returned to his position it shall direct the payment of salary to the employee for such period of time as the board finds the punitive action was improperly in effect."

offered procedure (which would have cured the unconstitutional aspect of his dismissal) constitutes a waiver of any right to back pay for that period of time extending beyond the last date the right to a "predismissal hearing" might have been exercised.

Urging a contrary result plaintiff relies upon language in *Barber, supra,* supporting an award of back pay from the time the discipline was imposed until the time the Board files its decision. His reliance is misplaced as *Barber* is factually distinguishable from the situation here presented. Mr. Barber was not advised of or afforded an opportunity to respond to the authority initially imposing the discipline; Mitchell was.

We recognize that the dismissal was made retroactive to August 18, 1976, the date he was placed on administrative leave of absence. However, his absence from work between August 18, 1976, and August 30, 1976, was attributable to his administrative leave imposed pursuant to section 19574.5 and *not* to the subsequent dismissal, and neither party to this appeal disputes the hospital staff's ability to invoke section 19574.5. The award of back pay should begin from August 30, 1976, as the date plaintiff's absence from work attributable to the unconstitutional dismissal commenced, and encompass a period of five days only.

Finally, Mitchell contends the trial court improperly denied his request for attorney fees. In support of his argument he contends the Board's decision was arbitrary and capricious, constituting a stubborn insistence of following an unauthorized course of action which warranted an award of fees by the trial court pursuant to section 800. We disagree.

Section 800 provides in pertinent part: "In any civil action to appeal or review the award, finding, or other determination of any administrative proceeding under this code or under any other provision of state law, . . . where it is shown that the award, finding, or other determination of such proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his official capacity, the complainant if he prevails in the civil action may collect reasonable attorney's fees, but not to exceed one thousand five hundred dollars . . . where he is personally obligated to pay such fees, from such public entity, . . ."

■ The determination of whether the action was arbitrary is essentially one of fact, within the sound discretion of the trial court, and will not be reversed absent an abuse thereof. (*A.B.C. Federation of Teachers* v. *A.B.C. Unified Sch. Dist.* (1977) 75 Cal.App.3d 332, 342-343 [142

Cal.Rptr. 111]; *Plumbing etc. Employers Council* v. *Quillin* (1976) 64 Cal.App.3d 215, 222 [134 Cal.Rptr. 332].)

Here, the application of *Skelly* to the facts of this case presents a bona fide legal dispute. There was no showing by plaintiff of arbitrariness or capriciousness on behalf of the Board. The trial court so found. The denial of attorney fees was not an abuse of discretion.

The judgment awarding back pay for the period of August 18, 1976, to December 1, 1976, is reversed and remanded to the trial court with directions that the State Personnel Board be ordered to compute and award plaintiff accrued salary in accord with this opinion. In all other respects the judgment is affirmed. Each party shall bear its own costs on appeal.

Puglia, P. J., and Reynoso, J., concurred.

A petition for a rehearing was denied April 17, 1979, and the petitions of both the parties for a hearing by the Supreme Court were denied May 24, 1979. Bird, C. J., did not participate therein.