[No. H002868. Sixth Dist. Mar. 17, 1988.]

ARTHUR JONES et al., Plaintiffs and Appellants, v.
A. A. PIERCE, as Director, etc., Defendant and Appellant.

738

Steven F. Romberg for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, Mary C. Michel and Susan K. Meadows, Deputy Attorneys General, for Defendant and Appellant.

---

## OPINION

ZECHER, J.*—We must determine in this case whether a vehicle owned by a California resident which is registered and based in another state must also be registered in California even if the vehicle is not primarily driven on California highways. We conclude California registration is not required in these circumstances and affirm the judgment.[1]

### FACTS

The essential facts are undisputed.[2] Plaintiffs Arthur and Isabell Jones were residents of California in 1985 and 1986. Plaintiffs—who live in Pebble Beach—also own property in Gold Hill, Oregon. In May of 1985, plaintiffs purchased a motorhome in San Jose, California, and arranged to take delivery of the vehicle in Oregon. They did this in order to avoid paying California fees and taxes since they intended to base the motorhome on their Oregon property and to use it as a temporary shelter while their home was being built on that property.[3] The motorhome was properly licensed in Oregon. Mr. Jones planned to retire shortly after he purchased the motorhome, and plaintiffs intended to move to Oregon sometime after Mr. Jones's retirement.

Mr. Jones did retire in July of 1985, and plaintiffs took two driving vacations in their motorhome later that summer. In August of 1985, plaintiffs drove their motorhome, which was stored at their Oregon property, from Oregon to Colorado and back. Plaintiffs did not enter California on this trip. In September, plaintiffs took a second trip. This time they went from Oregon, through California, to Arizona, and then back through Nevada to Oregon. Plaintiffs drove the motorhome approximately 6,700 miles on these 2 trips. Approximately 1,200 to 1,500 of those miles were driven in California.

---

* Assigned by the Chairperson of the Judicial Council.

[1] We also reject plaintiffs' argument raised in a cross-appeal that they were improperly denied attorney's fees.

[2] Although there are some minor conflicts and inconsistencies in the record, as always we view the evidence in the light most favorable to the prevailing party below. (*Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].)

[3] The Department of Motor Vehicles has not challenged the propriety of this procedure to avoid the payment of California fees and taxes.

On September 1, 1985, California Highway Patrol Officer Burke observed plaintiffs as they were driving near San Ramon during their second vacation trip. He noted the Oregon plates on the motorhome and filed a "Resident Registration Violation Follow-Up" form with the Department of Motor Vehicles (DMV). The DMV determined that plaintiffs were in fact California residents and sent them a letter demanding that they register the motorhome and pay estimated fees of $700.

Plaintiffs objected to the fees, and a hearing was held before a DMV referee. The referee determined that registration fees were due on the motorhome for the 1985/1986 and 1986/1987 registration years. The referee also determined that a "use tax" of $4,965 was due because plaintiffs had driven the motorhome into California within 90 days of taking delivery in Oregon. Plaintiffs then made an informal appeal to the chief of DMV headquarters operations. The chief of headquarters operations modified the referee's decision by striking the use tax.[4] Nevertheless, he concluded that California residents must register their vehicles if they are operated to any extent in California, even if the vehicles are not based or primarily used in California. Accordingly, plaintiffs were assessed a total of $3,774 for registration, license, and penalties for the 1985/1986 and 1986/1987 registration years.

Plaintiffs filed a petition for writ of mandate in the superior court seeking judicial review of this administrative decision. In the trial court, plaintiffs argued they were exempt from registration under Vehicle Code section 4000.4, which states in part that a "vehicle which is based in California or which primarily uses California highways shall be registered in California." By inference, plaintiffs argued that a vehicle which is not based in California and does not primarily use California highways need not be registered in this state. The trial court agreed with this reasoning and found: (1) plaintiffs are California residents; (2) their motorhome was licensed and registered in Oregon; (3) the motorhome is not based in California; and (4) the motorhome is not primarily used on California highways. Since the trial court determined registration is required only when the vehicle is based in California or primarily uses California highways, it concluded plaintiffs were not required to register their motorhome in California. Accordingly, the court issued a writ of mandate setting aside the DMV's decision but denying plaintiffs' request for attorney fees under Government Code section 800.

---

[4] This was done because the department chief was apparently convinced by plaintiffs' additional evidence—presented in a letter to the department—which indicated they had not driven the motorhome in California within 90 days of taking delivery in Oregon.

## DISCUSSION

The DMV and plaintiffs urge two diametrically opposed constructions of the statutes requiring registration of vehicles in California. On the one hand, the DMV contends California *residents* are required to obtain California registration for vehicles they own if those vehicles are driven on California highways to any extent, even if the vehicle is based and primarily used in another state. Plaintiffs, on the other hand, contend California residents are required to obtain California registration for vehicles they own only if the vehicle is based or primarily used in California. (See Veh. Code, § 4000.4.)[5]

Questions of statutory interpretation are, of course, pure matters of law upon which we may exercise our independent judgment. (*Gibbons & Reed Co.* v. *Dept. of Motor Vehicles* (1963) 220 Cal.App.2d 277, 285 [33 Cal.Rptr. 688]; *Public Utilities Com.* v. *Energy Resources Conservation & Dev. Com.* (1984) 150 Cal.App.3d 437, 443 [197 Cal.Rptr. 866].) Our purpose in interpreting statutes is to discern the intent of the Legislature. (*Milligan* v. *City of Laguna Beach* (1983) 34 Cal.3d 829, 831 [196 Cal.Rptr. 38, 670 P.2d 1121].)

We begin our analysis with California's basic, broadly inclusive, registration statute: section 4000, subdivision (a). This statute provides in pertinent part that: "No person shall drive, move, or leave standing upon a highway, or in an offstreet public parking facility, any motor vehicle . . . unless it is registered and the appropriate fees have been paid under this code . . . ." The cases interpreting this statute indicate that motor vehicles[6] used on California highways must be registered *unless* they fall within an exception to the registration requirement. (See *California Packing Corp.* v. *Transport Indem. Co.* (1969) 275 Cal.App.2d 363, 367-368 [80 Cal.Rptr. 150] [interpreting § 4013, exemption for forklift trucks]; *Gibbons & Reed Co.* v. *Dept. of Motor Vehicles, supra,* 220 Cal.App.2d at p. 282 [interpreting § 4010 (formerly § 142), exemption for special construction equipment]; *Yosemite Park & Curry Co.* v. *Dept. of Motor Vehicles* (1960) 177 Cal.App.2d 448, 451, 455 [2 Cal.Rptr. 431] [interpreting § 4000, subd. (a)'s predecessor statute (§ 140) as referring to state maintained and controlled highways only]; see also 42 Ops.Cal.Atty.Gen. 129, 130 (1963).)

Plaintiffs contend their motorhome is exempt from the registration requirement because of section 4000.4, which was enacted 24 years after section 4000, subdivision (a). (Stats. 1959, ch. 3, § 2, p. 1554; Stats. 1983,

---

[5] Subsequent statutory references are to the Vehicle Code unless otherwise noted.

[6] Plaintiffs' motorhome is a motor vehicle as defined in the Vehicle Code. (§§ 415, 670.)

ch. 409, § 3, p. 1687.) Section 4000.4 provides: "(a) Except as provided in Sections 6700, 6702, and 6703, a vehicle which is based in California or which primarily uses California highways shall be registered in California. [¶] (b) For purposes of this section and Section 6700, a vehicle is deemed to be primarily or regularly used on the highways of this state if the vehicle is located or operated in this state for a greater amount of time than it is located or operated in any other individual state during the registration period in question."

We believe section 4000.4 effectively modifies section 4000, subdivision (a). ▓▓ "[A] special statute dealing with a particular subject constitutes an exception so as to control and take precedence over a conflicting general statute on the same subject. (*Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 420 . . . .) This is the case . . . notwithstanding that the general provision, standing alone, would be broad enough to include the subject to which the more particular one relates. [Citations.]" (*Conservatorship of Ivey* (1986) 186 Cal.App.3d 1559, 1565 [231 Cal.Rptr. 376]; see also *People* v. *Gilbert* (1969) 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580].) ▓▓ Thus, on its face, section 4000.4—as a later enacted special statute—appears to limit the more general provisions of section 4000, subdivision (a).

The DMV contends, however, that section 4000.4 applies to vehicles owned by *nonresidents* only, and that the registration of motor vehicles owned by California residents is controlled by section 4000, subdivision (a), which requires only that the vehicle be driven, moved, or left standing on a California highway. The Legislature's express declaration of statutory intent, and the consequences of accepting the DMV's interpretation of the law, convince us that section 4000.4 should be applied to residents and nonresidents alike.

Section 4000.4 was added to the Vehicle Code effective in 1984 by Senate Bill No. 581, which contained several new statutes designed to prevent registration abuse by persons who live in California and regularly drive on California highways. (Stats. 1983, ch. 409.) The preamble to the bill expressly described the problem the Legislature was hoping to solve: "The Legislature finds and declares that numerous residents of California and others living in the state operate vehicles that are based in California, but are registered with foreign license plates. These vehicles and their operators regularly use the highways of California, but do not contribute their fair share of registration fees, license fees, and other payments incidental to the operation of vehicles in California." (Stats. 1983, ch. 409, § 1, p. 1687.) As the preamble indicates, the Legislature was concerned with "residents of California and others" who *base* their vehicles in California or "*regularly*

use the highways of California" but do not contribute their fair share of vehicle fees.

The preamble quoted above indicates the Legislature intended that section 4000.4 have broad application. The Legislature intended to require the registration of vehicles which are based in California or primarily driven on California highways. Conversely, the expression of legislative intent—and section 4000.4 itself—indicate that vehicles which are not based in California nor primarily driven on California highways need not be registered in this state.

■■■■■ We believe the DMV's suggested interpretation of the statutory scheme is inconsistent with this legislative intent and also leads to unreasonable results.[7] Under the DMV's interpretation, a California resident who bases a vehicle in Oregon but drives it across the border even once is liable for that year's[8] California registration fees no matter how minor his use of California highways. This is inconsistent with the legislative intent that those who use California's highways pay their "fair share" of fees. Instead, the DMV is asking plaintiffs to pay far more than their "fair share" of such fees.

The DMV makes two arguments against applying section 4000.4 to California residents. First they argue that an interpretation which applies section 4000.4 to residents renders "null and void" two additional statutes enacted by Senate Bill No. 581: namely, sections 8804 and 516. (Stats. 1983, ch. 409, §§ 2, 4, pp. 1687-1688.) Section 8804 provides that "Every person who, while a resident, as defined in Section 516, of this state, with respect to any vehicle owned by him and operated in this state, registers or renews the registration for the vehicle in a foreign jurisdiction, *without the payment of appropriate fees and taxes to this state,* is guilty of a misdemeanor." (Italics added.) Section 516 defines "resident" and lists specific facts which are evidence of residency.[9] We do not agree that sections 8804 and 516 are

---

[7] A golden rule of statutory construction is that " 'unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result.' " (*Armstrong* v. *County of San Mateo* (1983) 146 Cal.App.3d 597, 615 [194 Cal.Rptr. 294].)

[8] The DMV has applied the registration requirement in an even more punitive fashion in this case, since defendants were found liable for two years' registration fees (1985/1986 and 1986/1987), even though the evidence showed they drove their vehicle in California during only *one* registration year (1985/1986).

[9] Section 516 provides: " 'Resident' means any person who manifests an intent to live or be located in this state on more than a temporary or transient basis. Presence in the state for six months or more in any twelve-month period gives rise to a rebuttable presumption of residency. [¶] The following are evidence of residency: [¶] (a) Address where registered to vote. [¶] (b) Location of employment or place of business. [¶] (c) Payment of resident tuition at a public institution of higher education. [¶] (d) Attendance of dependents at a primary or second-

rendered ineffective if we construe section 4000.4 as applying to California residents.

We note that section 8804 does not itself impose a registration requirement, but instead punishes California residents for failing to pay appropriate fees as required by *other* provisions of the Vehicle Code. ■ To establish a violation of section 8804, the People must prove that the person charged: (1) is a California resident; (2) owns a vehicle registered in another state; (3) operates the vehicle in California; and (4) *has failed to pay the appropriate fees and taxes to California*. The question posed by this final element cannot be answered without recourse to the other provisions of the Vehicle Code which specify when fees and taxes must be paid. ■ Our interpretation indicates that such fees and taxes need not be paid *unless* the vehicle is based in California or is primarily used on California highways. (§ 4000.4.) When the statutes are read together in this manner, it is clear that our interpretation of section 4000.4 does not render sections 8804 and 516 "null and void," but merely limits section 8804 in a manner which is consistent with the Legislature's intent to force registration of vehicles which are based in California or are primarily used on California highways.

■■ Second, the DMV argues that other evidence of the Legislature's intent in enacting Senate Bill No. 581 indicates that section 4000.4 was meant to apply to nonresidents only. In a separate motion filed in this court, the DMV has requested that we take judicial notice of the "legislative proposal" prepared by the DMV expressing its interpretation of the statutes enacted by Senate Bill No. 581, on the ground the legislative proposal is an official act of the executive department of this state.[10] (Evid. Code, §§ 452,

ary school. [¶] (e) Filing a homeowner's property tax exemption. [¶] (f) Renting or leasing a home for use as a residence. [¶] (g) Declaration of residency to obtain a license or any other privilege or benefit not ordinarily extended to a nonresident. [¶] (h) Possession of a California driver's license. [¶] (i) Other acts, occurrences, or events that indicate presence in the state is more than temporary or transient."

[10] The Legislative Proposal states: "DETAILED ANALYSIS: [¶] Existing law permits nonresidents of California to use, or to allow the use of, their vehicles in this state for up to one year without payment of California registration fees, provided that such vehicles are registered in the owner's home state. [¶] This proposal would continue to permit nonresident vehicle owners to use, or to allow the use of, their vehicles in this state for up to one year but would clearly establish that a vehicle which is owned by a nonresident that is used on a regular basis in this state by a California resident must be registered in this state. This provision would clarify what the department believes to be the intent of existing law. [¶] Existing Vehicle Code provisions do not define the term 'resident.' [¶] This proposal would define the term 'resident.' [¶] Existing law allows nonresidents who accept employment in this state or become residents of this state to operate their foreign registered vehicle in California for not more than one year without obtaining California registration. [¶] This proposal would retain these provisions but would recast them for the purposes of clarity.

"COST ANALYSIS: [¶] Minimal, if any, additional costs to this department. [¶] There would be a minor increase in revenue resulting from requiring immediate California registration of

subd. (c), 459, subd. (a).) The legislative proposal offered by the DMV is of uncertain lineage. The DMV has not indicated who drafted the proposal (although presumably it was drafted by the DMV itself) and has not specifically stated that the Legislature had the legislative proposal before it at the time it voted on Senate Bill No. 581. We know only that the legislative proposal "reflects the Department of Motor Vehicles' official policy with respect to the interpretation and proposed legislative intent of" Senate Bill No. 581.

We will not take judicial notice of the legislative proposal. First, the proposal is not a regulation which amounts to a "consistent administrative construction of a statute over many years" which we must accord great weight in interpreting statutes. (*DiGiorgio Fruit Corp.* v. *Dept. of Employment* (1961) 56 Cal.2d 54, 61 [13 Cal.Rptr. 663, 362 P.2d 487].) ▮ Such

---

vehicles which are owned by a nonresident and registered in another state but are used in this state on a regular basis by a California resident.

"LEGISLATIVE HISTORY: [¶] AB 104, Robinson, 81/82 RS, would have established numerous financial responsibility provisions and would have required nonresident vehicle owners to register their vehicles in California upon becoming employed in this state or upon establishing residency in this state.

"ARGUMENTS AGAINST: [¶] When a vehicle is owned by a nonresident of California and is registered in the owner's home state, it should not be subject to California registration even though it is primarily based and used in California by a resident of this state.

"REASONS FOR PROPOSAL: [¶] Existing law generally requires vehicles that are operated in California must be registered in this state unless specifically exempted. It is this department's position that there is no statutory provision that exempts, from this state's registration laws, a nonresident owned vehicle that is regularly used in California by a resident of this state. This being the case, the department believes such vehicles are subject to registration in this state. [¶] The department, however, is experiencing difficulty in enforcing this position. The difficulty came to light through the registration enforcement efforts of the multi-agency California Resident—Foreign Registration Program which was implemented statewide on June 1, 1982. The participating agencies include the California Highway Patrol, The State Board of Equalization, and this Department. The purpose of the program is to identify and require California registration for those vehicles which are owned or operated by California residents but are registered in another state. When such a vehicle is identified, typically by the California Highway Patrol or an investigator of the Department of Motor Vehicles, this department contacts the vehicle user explaining the need and requirements for California registration. During the course of the ongoing program, this department has discovered several instances in which a nonresident vehicle owner has allowed a California resident to use his/ her vehicle in this state on a regular basis. Because present statutory language does not clearly address this situation, the vehicle user is often times unsatisfied with the department's explanation of the need to obtain California registration and is hesitant to comply with registration requirements. [¶] By clarifying that such use of a nonresident owned vehicle is subject to California registration, this proposal would eliminate the cause of the difficulty the department is experiencing in obtaining compliance with the registration laws. [¶] The definition of 'resident' is necessary to effectively administer the registration provision of this proposal. [¶] The remaining provisions would merely clarify existing law. [¶] The department believes this proposal would be supported by various state and local agencies including the California Highway Patrol, the Board of Equalization, the Air Resources Board, and local law enforcement agencies and pollution control districts. The California Tax Payers Association and clear air advocates would also likely be supportive."

a longstanding administrative construction is entitled to consideration since it is reasonable to assume the Legislature would have taken corrective action had they disagreed with the administrative interpretation. (See *United States* v. *Leslie Salt Co.* (1956) 350 U.S. 383, 396-397 [100 L Ed 441, 451-452, 76 S.Ct. 416].) ██ ██ The "legislative proposal" offered here is not a regulation with which the Legislature could have taken issue. Moreover, there is no indication the legislative proposal was ever before the Legislature. (See *Armstrong* v. *County of San Mateo, supra,* 146 Cal.App.3d at p. 619 [unexpressed opinions of statutory intent unpersuasive in determining legislative intent]; *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699-701 [170 Cal.Rptr. 817, 621 P.2d 856] [personal declaration by the author of legislation sent to the Governor, which outlined supposed intent of the Legislature, not a proper subject for consideration in determining the Legislature's intent].)

Finally, even if we were to take judicial notice of the legislative proposal, it would not affect our analysis. In light of the expression of legislative intent contained in the preamble of the bill itself, the legislative proposal fails to convince us that section 4000.4 applies to nonresidents only. According to the legislative proposal, the statutes enacted by Senate Bill No. 581 "would clearly establish that a vehicle which is owned by a nonresident that is used on a regular basis in this state by a California resident must be registered in this state." This legislative purpose is not inconsistent with a legislative intent that California residents need not register their vehicles in California if they base their vehicles in other states and *do not regularly use California highways*. As the preamble indicates, the Legislature was concerned with *"residents* of California and others" who *base* their vehicles in California or *"regularly* use the highways of California" but do not contribute their fair share of vehicle fees. In short, the DMV's interpretation of section 4000.4 does not preclude finding that the Legislature also intended to exempt resident-owned vehicles which are based in other states and do not primarily use California highways.

### THE CROSS-APPEAL

██ In a cross-appeal, plaintiffs contend the trial court should have granted their request for attorney's fees under Government Code section 800. We disagree.

Government Code section 800 provides that a person who successfully challenges an administrative finding in a civil action is entitled to a maximum of $1,500 in attorney's fees if "it is shown that the award, finding, or other determination of [the administrative] proceeding was the result of

arbitrary or capricious action or conduct by a public entity or an officer thereof in his official capacity . . . ."

Plaintiffs acknowledge that the determination whether the action was arbitrary or capricious is an issue of fact for the trial court. (*Mitchell* v. *State Personnel Bd*. (1979) 90 Cal.App.3d 808, 814 [153 Cal.Rptr. 552].) Nevertheless, they improperly attempt to reargue the evidence on appeal. On appeal, we have no power to weigh or judge the effect of the evidence or to resolve conflicts in the evidence. That is the province of the trial court. (*Overton* v. *Vita-Food Corp.* (1949) 94 Cal.App.2d 367, 370 [210 P.2d 757].)

Here, the trial court could properly find that this case involves a bona fide dispute concerning interpretation of a statute. Attorney's fees are not appropriate in these circumstances. (See *Von Durjais* v. *Board of Trustees* (1978) 83 Cal.App.3d 681, 688-689 [148 Cal.Rptr. 192].) Consequently, we uphold the trial court's decision to deny attorney's fees.

#### DISPOSITION

The judgment is affirmed. Each party is to bear their own costs on appeal. (Cal. Rules of Court, rule 26(a).)

Agliano, P. J., and Brauer, J., concurred.