Opinion
STEIN, J.
This appeal concerns the proper construction of Vehicle Code section 22651, subdivision (o).[1] For the following reasons, we agree with the construction urged by respondent, Jack Spilman, and affirm.
On March 2, 1988, a California Highway Patrol (CHP) officer removed Spilman’s 1959 Peterbilt dump truck from a public highway pursuant to section 22651, subdivision (o).[2] Subsequently, CHP issued a notice to appear for the registration violation. Spilman posted bail, as required by the notice, forfeited bail, and demanded release of the vehicle pursuant to subdivision (o).[3] CHP refused to release the truck.
*62 On June 30, 1988, Spilman filed a petition for writ of mandate in the superior court, seeking release of the truck. The alternative writ was issued on July 22, 1988. On August 8, CHP filed an answer to the petition, denying the existence of any duty to release the truck.
On August 24, 1988, following a hearing, the superior court issued a minute order granting the petition, and stating that the meaning of the statute was clear. Judgment issuing the writ was filed on September 13. On September 16, CHP filed a return to the writ, a notice of appeal, and a request for a stay.
The relevant portion of the statute at issue provides for removal of vehicles from the highway when the registration expiration date is in excess of one year. The statute also provides: “For purposes of this subdivision, the vehicle shall be released to the owner or person in control of the vehicle only after the owner or person furnishes the storing law enforcement agency with proof of current registration. In lieu of obtaining proof of current registration, the storing agency may, in its discretion, issue a notice to appear for the registration violation.”
Spilman argues that the words “In lieu of’ describe alternative choices. Thus, under this interpretation, CHP may hold the vehicle until proof of current registration is obtained, or it may issue a notice to appear, which institutes a criminal action for the registration violation. (§ 40500.) When it employs the second alternative, CHP may no longer require proof of current registration as a condition precedent to release of the vehicle. The superior court agreed with Spilman’s interpretation, stating that “[t]he clear meaning of ‘in lieu’ is ‘instead’ or ‘in place of. [It] suggests that one possible choice is the alternate of the other possible choice.”
CHP argues for a different interpretation. First, it notes, it has the power to initiate criminal proceedings for registration violations pursuant to section 40500 independently of section 22651. It argues that Spilman’s construction of section 22651 unreasonably restricts its ability to initiate proceedings under 40500 in cases in which the vehicle has been removed from the road. It argues that the introductory words, “For purposes of this subdivision,” evidence a legislative intent not to apply the vehicle release mechanism of subdivision (o) to affect the agency’s decision to issue a notice to appear under other code provisions.
CHP also claims that the words “In lieu of’ describe a discretionary decision to return the vehicle after issuing a notice to appear, as contrasted to the mandatory release when a current registration is provided. This construction requires us to assume that the words “in its discretion” pertain *63 to the decision to release the vehicle, not to the decision to issue the notice. We are unconvinced by CHP’s contentions.
We start from the premise that “[questions of statutory interpretation are, of course, pure matters of law upon which we may exercise our independent judgment. [Citation.] Our purpose in interpreting statutes is to discern the intent of the Legislature. [Citation.]” (Jones v. Pierce (1988) 199 Cal.App.3d 736, 741 [245 Cal.Rptr. 149].) Thus, we “ ‘. . . inquire into the evils which prompted [a statute’s] enactment and the method of elimination or control which the Legislature chose.’ [Citation.]” (People v. Gopal (1985) 171 Cal.App.3d 524, 541 [217 Cal.Rptr. 487].)
Section 4000, requiring registration of vehicles, was enacted to protect purchasers of vehicles and to afford identification of those responsible in case of accidents. (Henry v. General Forming, Ltd. (1948) 33 Cal.2d 223, 227 [200 P.2d 785].) Section 40500, providing for the institution of proceedings for nonfelony violations of the Vehicle Code, is a broadly worded provision for enforcement of all covered violations.[4]
Section 22651, however, is a statute of more specific application. Its purpose is to allow the expeditious removal of vehicles from the streets in specified cases, with subsidiary purposes of imposing costs on the owner and retaining the vehicle as security for the costs. (Stypmann v. City & Cty. of San Francisco (9th Cir. 1977) 557 F.2d 1338, 1343.) “ ‘[A] special statute dealing with a particular subject constitutes an exception so as to control and take precedence over a conflicting general statute on the same subject. [Citation.]”’ (Jones v. Pierce, supra, 199 Cal.App.3d 736, 742.) Subdivision (o) was not added to the Vehicle Code until 1982. (Stats. 1982, ch. 344, § 1, pp. 1647-1649.) The provision regarding release was added in 1983. (Stats. 1983, ch. 816, § 1, p. 2968.) Section 40500, in various forms, has been in existence since 1923. (Stats. 1923, ch. 266, § 154, p. 566.) As a later and more specific statute, section 22651, subdivision (o), takes precedence over earlier general enactments. (Jones v. Pierce, supra, 199 Cal.App.3d 736, 742.) Thus, even if CHP is correct that some limit has been placed on its ability to institute criminal proceedings after it *64 has removed a vehicle, such a construction is warranted.[5] We find nothing unreasonable in requiring CHP to release the vehicle once it has determined to proceed with criminal action.[6]
CHP’s second point, that “In lieu of’ vests in it a discretionary power to decide whether or not a notice to appear will be a substitute for proof of a current registration, is unsupported by the plain language of the statute. The statute reads “In lieu of obtaining proof of current registration, . . .” This phrase clearly means “to substitute for” or “in place of’ or provides an exemption from the previous alternative method of obtaining release of the vehicle. (See, e.g., Bigge Crane Rental Co. v. County of Alameda (1972) 7 Cal.3d 414, 417 [102 Cal.Rptr. 513, 498 P.2d 193] [phrase “in lieu of’ provides an exemption], 418 [dis. opn. argues “in lieu of’ provides a substitute for compliance].) “We must presume the Legislature intended this portion [of the statute] to have some meaning and perform some useful function.” (People v. Lopez (1987) 197 Cal.App.3d 93, 100 [242 Cal.Rptr. 668].) CHP’s construction of the provision would require us to substitute the words “In addition to” for the words “In lieu of.” We cannot imagine a construction more contrary to the obvious plain meaning of the statute.[7]
The statutory phrase “in its discretion” directly precedes “issue a notice to appear,” and does not relate to a decision whether or not to release *65 a vehicle. Clearly, issuing the notice is the object of the statutorily conferred discretion. CHP’s construction is unsupported and strained. We are compelled to agree with the construction of respondent and the superior court.
The judgment is affirmed.
Racanelli, P. J., and Holmdahl, J., concurred.

 All statutory references are to the Vehicle Code.

 At the time in question, subdivision (o) authorized removal of a vehicle “[w]hen any vehicle is found upon a highway or any public lands with a registration expiration date in excess of one year before the date it is found on the highway.”

 Forfeiture of bail constitutes a conviction. (§ 13103.)

 In general, registration renewal notices are issued automatically. When fees are contested, a hearing may be requested. If, following the hearing, fees are determined to be due, they constitute a lien on the vehicle, and the vehicle may be seized and sold. (Pyne v. Meese (1985) 172 Cal.App.3d 392, 404 [218 Cal.Rptr. 87]; §§ 9800, 9801.)

 The words “For purposes of this subdivision,” which precede “the vehicle shall be released . . . ,” do not negate an intent to limit prior CHP authority, as argued. They merely limit the release provisions to subdivision (o). Other subdivisions of section 22651 have different release provisions. CHP’s claim that the referenced language prevents a restriction on its authority outside section 22651 is meaningless.
In fact, CHP’s previously existing authority is not limited by section 22651. CHP is not prevented from issuing a notice to appear or taking any other enforcement action under the Vehicle Code. Section 22651 merely describes statutory alternatives regarding the method by which a vehicle removed from the highway will be released. The fact that CHP would like to retain a removed vehicle as well as institute criminal proceedings, a procedure which it has never had the authority to carry out, does not constitute a restriction on any previously held power.
Our decision does not allow Spilman to evade the law. The vehicle may not be operated without a current registration. CHP may take any appropriate action to enforce Spilman’s compliance.

 Nothing we have said has any impact on the vehicle owner’s responsibility to pay all required towing and storage fees and fines resulting from the criminal proceeding. Removal and storage of a vehicle involves a considerable expense. (See, e.g., People v. Martinez (1981) 118 Cal.App.3d 624, 634, fn. 5 [173 Cal.Rptr. 554].)

 Even if we were to find that the statute, which contains penal provisions, was reasonably susceptible to two meanings, we would construe it in the manner most favorable to respondent, so long as such a construction was not contrary to legislative intent, absurd, or failed to prevent the harm addressed. (People v. Davis (1985) 166 Cal.App.3d 760, 766 [212 Cal.Rptr. 673].) The construction we have adopted is in accord with the fair import of the terms of the statute. (People v. Clifton (1985) 171 Cal.App.3d 195, 201 [217 Cal.Rptr. 192].)