Filed 3/18/21  P. v. Byrd CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

Plaintiff and Respondent,

v.

LAMAR JERMAIN BYRD,

Defendant and Appellant.

E074049

(Super.Ct.No. FVI1303433)

OPINION

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed with directions.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Lamar Jermain Byrd appeals from an order denying his petition pursuant to Penal Code[1] section 1170.91, subdivision (b), which provides for resentencing of military members or veterans suffering from certain mental health and substance abuse problems as a result of military service if the sentencing court did not consider such problems as factors in mitigation. Defendant argues that the trial court erred in denying his petition without actually determining his eligibility for relief first. He also contends he was denied his federal due process right to be present at the hearing on the petition and requests a remand for another hearing in his presence. We affirm with directions.

## PROCEDURAL BACKGROUND

Defendant was charged by information with attempted murder (§§ 664, 187, subd. (a), count 1), second degree robbery (§ 211, count 2), and assault with a deadly weapon (§ 245, subd. (a)(1), count 3). As to counts 1 and 2, the information alleged that he personally used a firearm within the meaning of section 12022.53, subdivisions (b) and (c). It also alleged as to counts 1 through 3 that defendant personally used a firearm within the meaning of section 12022.5, subdivision (a).

On October 31, 2014, defendant entered a plea agreement and pled no contest to counts 1 and 2 and admitted the firearm allegation under section 12022.5, subdivision (a), as to count 1. Defendant asked to be sentenced immediately. The court proceeded to

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

pronounce judgment according to the agreed upon terms, stating that it was "making all of [its] rulings based on the fact that this is a negotiated plea agreement."  Accordingly, the court sentenced him to the midterm of seven years on count 1, the midterm of three years on count 2 to be served concurrently, and a consecutive 10 years on the firearm enhancement, for a total term of 17 years in state prison.

On June 18, 2019, defendant filed a petition for resentencing pursuant to section 1170.91, subdivision (b).  He attached evidence establishing he had served in the military and a psychological assessment that concluded he suffered from posttraumatic stress disorder (PTSD), alcohol abuse, and depression as a result of his military service.  The psychologist who evaluated him opined that his PTSD and substance abuse "factored into his decision" to commit the current offenses.  The People filed an opposition to the petition.

On October 18, 2019, the trial court held a hearing on the petition.  Defendant was not present but was represented by counsel.  Defense counsel asked for a formal hearing.  However, he then requested the court to "reduce the use of the firearm enhancement from the ten-year aggravated gun charge, which the Court now has discretion to strike."  Defense counsel stated, "we can avoid [the] 1170.91 issue and strike the gun enhancement."  The court replied, "This is a case that was a plea agreement.  As you pointed out[,] the case was a life case.  And [defendant] took the opportunity to enter into a plea agreement, which was highly advantageous to him. . . .  [¶] . . . [¶]  We had no way of anticipating the law would change, but I wouldn't in any way, had [*sic*] reason to have deviated from the course that I previously indicated.  And that is that I would not

3

have accepted less time.  I would not have accepted a plea agreement that did not offer the substantial period of incarceration for someone who is otherwise facing the possibility of 25 years to life and perhaps never getting out."  The court then denied the petition "on the basis that [it] wouldn't grant the relief under any circumstances."

DISCUSSION

I.  Defendant is Not Eligible for Relief Under Section 1170.91, Subdivision (b)

Defendant contends the court abused its discretion in summarily denying his resentencing petition without first determining whether he met the criteria in section 1170.91, subdivision (b).  He claims that his acceptance of a plea deal was irrelevant to his eligibility for resentencing, and there was "no credible way for the trial court to guess that it would not have granted relief to [him] under any circumstances, now that [it] was *required* to accept [his] mental health diagnoses stemming from his combat service as a mitigating factor."  We conclude that defendant is not eligible for relief.

A.  *Section 1170.91*

"When the Legislature first enacted section 1170.91, effective January 1, 2015, it contained a single paragraph creating a requirement that a sentencing court consider mental health and substance abuse problems stemming from military service as a mitigating factor when imposing a determinate term under section 1170, subdivision (b).  (Stats. 2014, ch. 163, § 2.)  Specifically, the statute provided, 'If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her

4

military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170.' [Citation.] As relevant here, section 1170.91 required the trial court to consider mental health and substance abuse problems as factors in mitigation *only* 'when imposing a term under subdivision (b) of Section 1170.' [Citation.]" (*People v. King* (2020) 52 Cal.App.5th 783, 788 (*King*).) Section 1170, subdivision (b) "describes the trial court's exercise of sentencing discretion to choose an upper, middle or lower determinate term based on factors in mitigation and aggravation." (*King*, at p. 788, fn. omitted; see § 1170, subd. (b).)

"In 2018, the Legislature amended section 1170.91 to provide relief for former or current members of the military who were sentenced before January 1, 2015, and did not have their mental health and substance abuse problems considered as factors in mitigation during sentencing." (*King*, *supra*, 52 Cal.App.5th at p. 788.) Section 1170.91, subdivision (b)(1), provides in relevant part: "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from . . . post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions: [¶] (A) The circumstance of suffering from . . . post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing. [¶] (B) The person was sentenced prior to January 1, 2015." (§ 1170.91, subd. (b)(1).)

5

B. *Defendant is Not Entitled to Relief*

Defendant seeks reversal of the court's denial order and requests that we remand the matter for another resentencing hearing to determine if he meets the eligibility criteria in section 1170.91, subdivision (b)(1)(A) and (b)(1)(B). The People contend that the court implicitly found him eligible "by reaching the merits and stating that it would not have sentenced [him] to anything less," so remand would be futile.

Defendant's eligibility for relief under section 1170.91 raises questions of statutory construction. Questions of statutory construction present questions of law and are reviewed de novo. (*People v. VanVleck* (2016) 2 Cal.App.5th 355, 362; *Jones v. Pierce* (1988) 199 Cal.App.3d 736, 741 ["Questions of statutory interpretation are, of course, pure matters of law upon which we may exercise our independent judgment."].)

A petitioner who meets the requirements set forth in section 1170.91, subdivision (b), obtains the remedy of "resentencing pursuant to subdivision (a)." (§ 1170.91, subd. (b)(1).) Section 1170.91, subdivision (a), provides that the trial court shall take into account the defendant's mental health and substance abuse problems "*when imposing a term under subdivision (b) of Section 1170.*" (§ 1170.91, subd. (a), italics added.) "A trial court that sentences under subdivision (b) of section 1170, exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation. However, when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not 'imposing a term

6

under subdivision (b) of Section 1170.' " (*King*, *supra*, 52 Cal.App.5th at p. 791.)

Furthermore, when a defendant enters into a plea and agrees to a stipulated sentence, "upon accepting the plea, the trial court may not proceed as to the plea other than as specified in the plea." (*King*, *supra*, 52 Cal.App.5th at pp. 790-791.) " ' "While no bargain or agreement can divest the court of the sentencing discretion it inherently possesses [citation], a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] 'A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.' [Citations.]" ' " (*People v. Stamps* (2020) 9 Cal.5th 685, 701.)

Here, defendant entered into a plea and agreed to a specific term of 17 years, which was comprised of the midterm of seven years on count 1, a concurrent three years on count 2, and a consecutive 10 years on the firearm enhancement. The court accepted the plea agreement and imposed the agreed-upon term. As such, it did not consider factors in mitigation and aggravation or exercise discretion to decide between an upper, middle and lower term. In other words, it did not impose a term under section 1170, subdivision (b). (*King*, *supra*, 52 Cal.App.5th at p. 791.) Therefore, defendant is not eligible for the relief afforded under section 1170.91, subdivision (b)(1), since he cannot be resentenced to an upper, middle or lower term based on factors in mitigation and aggravation. (*King*, at p. 791.)

In sum, the court was required to impose the stipulated sentence of 17 years in prison pursuant to the plea agreement. It did not impose a term under section 1170, subdivision (b). Thus, under the plain language of the statute, defendant is not eligible

7

for relief under section 1170.91, subdivision (b). (*King*, *supra*, 52 Cal.App.5th at p. 791.) Although the court did not expressly state that defendant was ineligible for relief under the statute, it noted that he entered a plea agreement and denied his petition "on the basis that [it] wouldn't grant the relief under any circumstances." We affirm the court's ruling. (*People v. Geier* (2007) 41 Cal.4th 555, 582 ["we review the ruling, not the court's reasoning and, if the ruling was correct on any ground, we affirm."].)

II. Any Error in Holding the Hearing Without Defendant's Personal Presence Was

Harmless

Defendant argues he was denied the right to due process because he was not personally present at the hearing when the court denied his section 1170.91 petition. Thus, he seeks a remand for another hearing to be held in his presence. The People agree that a defendant has a right to be present at a resentencing hearing, but contend that any error in denying defendant's petition in defendant's absence was harmless beyond a reasonable doubt. We agree with the People.

It is undisputed that defendant was entitled to be present at the hearing on the resentencing petition. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348.) However, any error in the court proceeding with the hearing in his absence was harmless beyond a reasonable doubt. (*Ibid*. ["the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' "].) Because defendant is ineligible for relief under section 1170.91, his presence at the hearing would not have made any difference. (See *ante*, § I.)

8

### III. Clerical Errors Should Be Corrected

Although not raised by the parties, we note an apparent clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.* [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

Defendant was charged with attempted murder (§§ 664, 187, subd. (a), count 1), second degree robbery (§ 211, count 2), and assault with a deadly weapon (§ 245, subd. (a)(1), count 3). As to counts 1 and 2, it was alleged that he personally used a firearm within the meaning of section 12022.53, subdivisions (b) and (c). As to counts 1 through 3, it was alleged that he personally used a firearm within the meaning of section 12022.5, subdivision (a). Defendant pled no contest to counts 1 and 2 and admitted the allegation under section 12022.5, subdivision (a) as to count 1. However, we note that the court did not dispose of count 3 or the remaining firearm allegations in its oral pronouncement of judgment. Notwithstanding the oral pronouncement of judgment, the minute order states that the court ordered count 3 and the remaining firearm allegations dismissed. In the interest of clarity and accuracy, we will remand the matter with directions for the trial court to dispose of the remaining count and allegations.

DISPOSITION

The matter is remanded with directions for the trial court to dispose of count 3 and the remaining allegations defendant did not admit. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

MILLER _____
Acting P. J.

SLOUGH _____
J.

10