[No. C055413. Third Dist. Oct. 23, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
TAMARI JANE SLATTERY, Defendant and Appellant.

**COUNSEL**

Tara K. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and A. Kay Lauterbach, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DAVIS, J.**—Defendant Tamari Jane Slattery pleaded no contest to one count of inflicting injury upon an elder adult, her dependent mother. (Pen. Code, § 368, subd. (b)(1).)[1] The trial court sentenced defendant to state prison and

---

[1] Hereafter, undesignated section references are to the Penal Code.

ordered her to pay restitution to Marshall Hospital, which treated her mother for the injury. (§ 1202.4, subd. (f).) We conclude this restitution order must be stricken because the hospital is not a direct victim of the offense, as required by section 1202.4, subdivision (k)(2).

## BACKGROUND

On April 7, 2004, defendant made a 911 emergency call regarding the health of her disabled 73-year-old mother. Paramedics located the mother in very poor condition and transported her to Marshall Hospital. The hospital treated defendant's mother until her death 10 days later. She left $876 in unpaid medical expenses.

The trial court sentenced defendant to the midterm of three years in state prison. The court also ordered defendant to pay $876 in restitution to Marshall Hospital pursuant to section 1202.4, subdivision (f).

## DISCUSSION

### 1. *Defendant Did Not Forfeit Her Claim*

The People contend that defendant has forfeited any claim on appeal regarding restitution because she failed to object to the restitution order at sentencing. Defendant responds that her claim falls within the "unauthorized sentence" exception. We agree with defendant that the exception applies, and her claim is preserved.

██ "[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. [Citations.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) An unauthorized sentence is one that "could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) In such contexts, failure to object at trial does not forfeit the claim on appeal. This is because "[a]ppellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*Ibid.*, quoting *People v. Welch* (1993) 5 Cal.4th 228, 236 [19 Cal.Rptr.2d 520, 851 P.2d 802] (*Welch*).)

Defendant's claim that the trial court exceeded its statutory authority under section 1202.4, subdivision (f), falls within the "unauthorized sentence" exception. The claim presents a legal question that is "clear and correctable" by an appellate court without reviewing factual circumstances. (*Welch, supra,* 5 Cal.4th at pp. 235–236.) Such a claim does not implicate the trial court's sentencing discretion, but rather whether the restitution order "could . . . lawfully be imposed under any circumstance in the particular case." (*Scott, supra,* 9 Cal.4th at p. 354.) Consequently, defendant did not forfeit this claim.

2. *Marshall Hospital Is Not a Victim Under Section 1202.4, Subdivision (k)(2)*

Defendant contends the trial court improperly ordered her to pay victim restitution to Marshall Hospital. For the reasons stated below, we agree.

■ The trial court ordered restitution to be paid to Marshall Hospital under the authority of section 1202.4, subdivision (f). This subdivision provides in relevant part: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . ." (§ 1202.4, subd. (f).) Under the plain language of this statute, then, the court may order restitution only to a "victim." (See *People v. Martinez* (2005) 36 Cal.4th 384, 392 [30 Cal.Rptr.3d 779, 115 P.3d 62] (*Martinez*).)

The term "victim," as it relates to any kind of business or governmental entity, is defined in section 1202.4, subdivision (k)(2): "(k) For purposes of this section, 'victim' shall include all of the following: [¶] . . . [¶] (2) Any corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity *when that entity is a direct victim of a crime.*" (§ 1202.4, subd. (k)(2), italics added.) "Thus, Penal Code section 1202.4, subdivision (k) permits restitution to a business or governmental entity only when it is a *direct victim* of crime." (*Martinez, supra,* 36 Cal.4th at p. 393, original italics.)

The term "direct victim" "carried a precise meaning" before it was added to section 1202.4 in 1994, and courts have "preserved" that meaning. (*Martinez, supra,* 36 Cal.4th at p. 393 & fn. 1.) In the context of entities, the California Supreme Court has defined "direct victim" as: "entities that are the 'immediate objects of the . . . offenses' "; or " 'entities *against which* the . . . crimes [have] been committed.' " (*Martinez, supra,* 36 Cal.4th at p. 393, quoting *People v. Birkett* (1999) 21 Cal.4th 226, 233, 232 [87 Cal.Rptr.2d 205, 980 P.2d 912], respectively (*Birkett*), italics in *Birkett*.) The state high court has defined "direct" as: " 'straightforward, uninterrupted, [or] immediate' in

time, order or succession, or 'proceeding [in logic] from antecedent to consequent, from cause to effect, etc., uninterrupted,' or generally '[e]ffected or existing without intermediation or intervening agency; immediate.' [Citation.] In legal contexts, 'direct' similarly stands for '. . . proximate; by the shortest course; without circuity; operating by an immediate connection or relation, instead of operating through a medium . . . .' [Citation.]" (*Birkett, supra,* 21 Cal.4th at p. 232, fn. 6.)

Employing this definition of "direct victim," our Supreme Court has held that insurance companies that reimburse their insureds whose cars were stolen are not direct victims of car theft. (*Birkett, supra,* 21 Cal.4th at pp. 245–247.)[2] Similarly, the high court has held that California's Department of Toxic Substances Control is not a direct victim of attempted methamphetamine production in incurring costs cleaning up waste material from the production. (*Martinez, supra,* 36 Cal.4th at pp. 386, 393–394.) And appellate courts have held that a police department is not a direct victim when it incurs economic losses in the course of a criminal investigation. (*People v. Torres* (1997) 59 Cal.App.4th 1, 4–5 [68 Cal.Rptr.2d 644]; *People v. Ozkan* (2004) 124 Cal.App.4th 1072, 1077 [21 Cal.Rptr.3d 854].)[3]

Applying this definition here, Marshall Hospital is not a "direct victim." Defendant's criminal conduct consisted of inflicting injury upon an elder adult. Marshall Hospital is not a "direct victim" because it was not the " 'immediate object[]' " of the conduct, nor the entity " '*against which*

---

[2] Although the California Supreme Court decided *Birkett* under former section 1203.04, a predecessor to section 1202.4, the court stated that the several changes to the statute between 1994 and 1998 "do not significantly alter our analysis." (*Birkett, supra,* 21 Cal.4th at p. 247, fn. 21.) This is because the statutory language limiting the right to restitution to "direct victim" business or governmental entities remained substantively similar throughout the legislative changes. (*Ibid.*)

Neither do the amendments to section 1202.4 since 1998 alter the analysis in *Birkett.* In 1999, the Legislature added subdivision (k)(2) to section 1202.4 in its current form, which expressly provides that the definition of "victim" shall include business and government entities "when that entity is a direct victim of a crime." (Stats. 1999, ch. 584, § 4.) The post-1999 amendments do not alter or affect subdivision (k)(2) or the "direct victim" language. (Stats. 2000, ch. 1016, § 9.5; Stats. 2004, ch. 223, § 2; Stats. 2005, ch. 240, § 10.5; Stats. 2007, ch. 302, § 14.)

[3] For cases where governmental or business entities were found to be "direct victims," see *People v. Crow* (1993) 6 Cal.4th 952, 954–955, 957–958 [26 Cal.Rptr.2d 1, 864 P.2d 80] (finding that the government is a direct victim where defendant commits welfare fraud); *People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1086–1088 [32 Cal.Rptr.3d 518] (holding bank as direct victim where defendant burglarized the bank); *People v. O'Casey* (2001) 88 Cal.App.4th 967, 971 [106 Cal.Rptr.2d 263] and *People v. Moloy* (2000) 84 Cal.App.4th 257, 260 [100 Cal.Rptr.2d 676] (finding insurance companies to be direct victims where defendant committed insurance fraud); *In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1134 & fn. 5 [123 Cal.Rptr.2d 316] (finding a school to be a direct victim where minor damaged school premises).

the . . . crimes had been committed.' " (*Martinez, supra*, 36 Cal.4th at p. 393, quoting *Birkett, supra*, 21 Cal.4th at pp. 233, 232, respectively, italics in *Birkett*.) Rather, defendant's mother was the " 'immediate object[]' " of the offense. (*Martinez, supra*, 36 Cal.4th at p. 393.) Also, the hospital incurred its economic loss indirectly from defendant's conduct: first, defendant illegally inflicted injuries upon her mother; second, Marshall Hospital treated defendant's mother for the injuries; third, defendant's mother did not pay the hospital bills.

■ The People respond that the restitutionary term "victim" should be interpreted broadly enough to include Marshall Hospital, and that any other conclusion would be at odds with article I, section 28, subdivision (b) of the state Constitution, which provides the constitutional basis for the restitution statutes. That constitutional provision grants the right to restitution to "all persons who suffer losses as a result of criminal activity." (Cal. Const., art. I, § 28, subd. (b).)

The California Supreme Court has rejected this argument. As incorporated into the state Constitution in 1982, article I, section 28, subdivision (b) required the Legislature to "implement this section" during the ensuing calendar year. (Cal. Const., art. I, § 28, subd. (b), 2d par.) The Legislature's decision to limit the right to restitution to business and governmental entities that are "direct victims" constitutes "a plausible interpretation of th[is] constitutional provision." (*Birkett, supra*, 21 Cal.4th at p. 244.) "[The courts] should accept [the Legislature's] determination." (*Ibid.*)

■ Like the Department of Toxic Substances Control in *Martinez*, Marshall Hospital must recoup its costs through other means. Section 1202.4, subdivision (f) explicitly requires that the immediate victim, defendant's mother, be made whole for her economic losses, including medical expenses, resulting from defendant's criminal conduct. (§ 1202.4, subd. (f), (f)(3)(B).) Because defendant's mother is deceased, the court must order the restitution to be paid to her estate. Diverting the restitution due defendant's mother to a third party, such as Marshall Hospital, violates the statute because it fails to make defendant's mother whole. (*Birkett, supra*, 21 Cal.4th at pp. 245–247.) As the People concede, Marshall Hospital may bring a civil claim against the mother's estate to ensure payment of the debt.

■ Because section 1202.4 is "rational and constitutional," we need not address the People's policy argument that this result is inefficient. (*Birkett, supra*, 21 Cal.4th at p. 243.)

DISPOSITION

The judgment is modified by striking the $876 in restitution awarded to Marshall Hospital pursuant to section 1202.4, subdivision (f). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and to forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.

Scotland, P. J., and Butz, J., concurred.