188 Cal.App.4th 1010 (2010)
115 Cal. Rptr. 3d 865
THE PEOPLE, Plaintiff and Respondent,
v.
PAUL DEAN RUNYAN, Defendant and Appellant.
No. B218863.
Court of Appeals of California, Second District, Division Eight.
September 24, 2010.
*1011 Jason Andrew Lieber, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lawrence M. Daniels and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
BIGELOW, P. J.
Paul Dean Runyan collided head on with Donald Benge's car while driving intoxicated on the wrong side of the freeway. As part of the judgment, Runyan was ordered to make restitution of $446,486 to Benge's estate. Runyan contends the restitution order was improper because Benge's estate is not a "direct victim" of crime. We affirm the judgment.

FACTS
At approximately 4:30 a.m. on April 6, 2007, Runyan attempted to drive home from a nightclub while intoxicated. In the course of his attempt to drive *1012 home, Runyan entered the 134 Freeway travelling in the wrong direction and continued in the wrong direction for approximately one and one-quarter miles. Several motorists called the police.
California Highway Patrol Sergeant Peter Recato and his partner were patrolling the 134 Freeway that morning. From approximately 700 feet away, Sergeant Recato saw Runyan's vehicle coming towards them as it travelled in the wrong direction. Sergeant Recato braked, pulled over to the right shoulder of the freeway, and successfully avoided a head-on collision with Runyan's vehicle. Donald Benge, who was driving his vehicle behind Sergeant Recato's patrol vehicle, was unable to avoid colliding with Runyan's vehicle. Tragically, Runyan's vehicle collided head on with Benge's vehicle, and Benge was killed. Runyan escaped with only minor injuries.
On October 31, 2007, Runyan was charged with murder (count 1), gross vehicular manslaughter (count 2), driving under the influence causing injury (count 3) and driving under the influence with a blood alcohol level of 0.08 percent or greater causing injury (count 4). On November 4, 2008, a jury acquitted Runyan of murder, but convicted him of the three other charges. The trial court conducted a restitution hearing and ordered Runyan to pay $446,486 to the estate of Benge. Runyan filed a timely notice of appeal.

DISCUSSION

I. The Trial Court Properly Awarded Restitution to the Victim's Estate

Runyan argues that the trial court erred in ordering him to make restitution to the estate of Benge because Benge himself, not his estate, was the direct victim of the crime within the meaning of Penal Code section 1202.4.[1] As discussed below, Runyan's argument is without merit, and Benge's estate is entitled to restitution.

A. Standard of Review

"[W]hen the propriety of a restitution order turns on the interpretation of a statute, a question of law is raised, which is subject to de novo review on appeal." (People v. Williams (2010) 184 Cal.App.4th 142, 146 [108 Cal.Rptr.3d 772], citing In re Anthony M. (2007) 156 Cal.App.4th 1010, 1016 [67 Cal.Rptr.3d 734]; see also In re Tobacco II Cases (2009) 46 Cal.4th 298, 311 [93 Cal.Rptr.3d 559, 207 P.3d 20] [questions of law are reviewed de novo], citing Jones v. Pierce (1988) 199 Cal.App.3d 736, 741 [245 Cal.Rptr. 149] ["Questions of statutory interpretation are, of course, pure matters of law *1013 upon which we may exercise our independent judgment."].) Accordingly, the standard of review is de novo.

B. Penal Code Section 1202.4

(1) In 1982, the voters of California adopted Proposition 8, an initiative that amended the California Constitution. (People v. Martinez (2005) 36 Cal.4th 384, 388 [30 Cal.Rptr.3d 779, 115 P.3d 62] (Martinez).) In pertinent part, Proposition 8 established a constitutional right for crime victims to receive restitution from defendants who have been convicted of crimes that cause the victims to suffer economic loss. (36 Cal.4th at p. 388.) Section 1202.4 was enacted by the Legislature to implement Proposition 8. (36 Cal.4th at p. 388.)
Section 1202.4, subdivision (f) provides, in relevant part: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."
Section 1202.4, subdivision (k) defines the term "victim" as including:
"(1) The immediate surviving family of the actual victim.
"(2) Any corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity when that entity is a direct victim of a crime." (Italics added.)
In People v. Birkett (1999) 21 Cal.4th 226 [87 Cal.Rptr.2d 205, 980 P.2d 912] (Birkett), the California Supreme Court interpreted the meaning of the term "direct victim" under section 1202.4. In Birkett, the defendant stole multiple vehicles from their owners. (21 Cal.4th at p. 229.) Because two of the stolen vehicles were covered by insurance, the insurance companies partially indemnified the owners of those vehicles. (Id. at pp. 229-230.) The trial court ordered the defendant to make restitution not only to the vehicle owners, but also to the insurance companies that had partially indemnified the vehicle owners. (Id. at p. 230.) The California Supreme Court reversed the restitution order as to the insurance companies because the insurance companies were not objects of the crimes and were not the direct victims of the crimes. (See id. at pp. 233, 244.) The court stated: "both the plain language and the extensive background and history of the relevant statutes persuade us that the policy choice the Legislature made in 1994 was to grant only `direct' *1014 crime victims and their immediate families a right to restitution ... and otherwise to foreclose such entitlement by persons whose losses arose only as a result of crimes committed against others." (Id. at p. 243.) The vehicle owners were the direct victims of the crimes, whereas the losses of the insurance companies only arose as a result of the crimes committed against the vehicle owners. (Ibid.)
Conversely, in People v. O'Casey (2001) 88 Cal.App.4th 967, 971 [106 Cal.Rptr.2d 263], the court held that the insurance company was a direct victim where, based upon the defendant's fraud, it made payments directly to the defendant and to medical providers on the defendant's behalf. The court held that the insurance company itself was the direct victim of the crime because it was the object of the crime. (Ibid.)
More recently, the California Supreme Court reversed a restitution award to a government department that cleaned up hazardous waste left behind by the defendant's manufacture of methamphetamine. (Martinez, supra, 36 Cal.4th at p. 395.) The court stated that the "defendant's attempt to manufacture methamphetamine was not an offense committed against the Department [of Toxic Substances Control that cleaned up the site], nor was the Department the immediate object of his crime. Therefore, the Department was not a direct victim entitled to recover its cleanup costs under ... section 1202.4." (Id. at pp. 393-394.)
(2) Here, unlike in Birkett or Martinez, Benge's estate did not merely indemnify or remediate the effects of a crime. Indeed, Benge's estate only existed because of the crimes of defendant. By his own analysis, Runyan would be responsible for all of Benge's economic losses under section 1202.4 had he severely injured rather than killed Benge. (§ 1202.4, subds. (a) & (f).) It would reflect rather oddly inconsistent legislative priorities if the statutes implementing our state Constitution's "Victims' Bill of Rights" (Cal. Const., art. I, § 28) provided greater protection to those who survive criminal conduct than those who die from it. This same reasoning applies to Runyan's argument that Benge's estate is required to file a separate civil lawsuit to recover its economic losses when Benge himself would not have had to, had he lived. As pointed out, the definition of "victim" in section 1202.4, subdivision (k)(1) includes "[t]he immediate surviving family of the actual victim." This is a clear indication that the Legislature did not intend the right to restitution to terminate with a victim's death. In any event, "the term `victim' has a broad and flexible meaning" (People v. Saint-Amans (2005) 131 Cal.App.4th 1076, 1084 [32 Cal.Rptr.3d 518]), and we will not construe it narrowly to exclude a gross vehicular manslaughter victim's estate from restitution where the vehicular manslaughter causes the victim's estate economic loss.
*1015 Moreover, People v. Slattery (2008) 167 Cal.App.4th 1091, 1097 [84 Cal.Rptr.3d 672] (Slattery), a case relied upon by Runyan, clearly holds that when a defendant's criminal conduct causes the death of the actual victim, the actual victim's estate is entitled to restitution under section 1202.4. In Slattery, the defendant inflicted injury upon her dependant mother, who died 10 days later. The court ordered the defendant to make restitution to the mother's estate. (167 Cal.App.4th at p. 1097.) The court explained: "Section 1202.4, subdivision (f) explicitly requires that the immediate victim, [the] defendant's mother, be made whole for her economic losses, including medical expenses, resulting from defendant's criminal conduct. [Citations.] Because defendant's mother is deceased, the court must order the restitution to be paid to her estate." (Ibid.)
(3) Similar to Slattery, Runyan's crimes caused Benge's death, and therefore, restitution was properly ordered to be paid to his estate. Runyan has failed to reference any authority that holds that the estate of an actual victim is not entitled to restitution when the criminal actions of a defendant end the life of the actual victim.

DISPOSITION
The judgment is affirmed.
Rubin, J., and Grimes, J., concurred.
NOTES
[1] All further statutory references are to the Penal Code, unless otherwise specified.