Filed 9/9/13  P. v. Davis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C073288 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF121011, CRF121645) |
| v. | |
| DAVID MARSHALL DAVIS, | |
| Defendant and Appellant. | |

Defendant David Marshall Davis and his stepson, 16 year-old D.W.,  were cleaning out a room in the family home when D.W. fell asleep.  Defendant threw a plastic object at D.W., striking his right eye.  Defendant also punched him in the ribs about 10 times.  As a result, D.W. had a horizontal line across his field of vision which did not heal.

Later that week, defendant assaulted his cohabitant, D.W.'s mother Page G.  He pushed her against the kitchen wall, hit her in the face with a closed fist, and threw her to the ground.  Page G. was three months pregnant with defendant's child.  While she was on the ground, defendant stomped on her stomach with his foot and yelled that he hoped

1

she would miscarry. He also threatened to kill Page G. if she got law enforcement involved. D.W. distracted defendant by letting the dogs in, and then fled with his mother.

In a search incident to defendant's arrest, officers found a marijuana growing facility in one of the rooms. Wiring for the operation was stripped and spliced and hanging exposed instead of inside a junction box. Exposed electrical wiring emerged from the sheetrock as well. A search warrant was later executed on the residence. Officers found 390.88 grams of marijuana in a paper bag, a sheet of paper indicating the respective values of different amounts of marijuana, and 21 jars containing a total of 384.28 grams of marijuana.

While in jail, defendant called Page G. and instructed her to have D.W. testify that he made up the whole story because he was angry at defendant.

Defendant was charged in case No. CRF121011 with corporal injury to a child with great bodily injury (Pen. Code, §§ 273d, subd. (a), 12022.7, subd. (a); undesignated statutory references are to the Penal Code), child endangerment (§ 273a, subd. (a)), corporal injury to a cohabitant (§ 273.5, subd. (a)), dissuading a witness (§ 136.1, subd. (c)(1)), criminal threats (§ 422), assault by means likely to cause great bodily injury (§ 245, subd. (a)(1)), misdemeanor false imprisonment (§§ 236, 237), and possession of marijuana for sale (Health & Saf. Code, § 11359).

A few days after being released from jail, defendant confronted D.W. and accused him of stealing some marijuana. D.W. denied stealing marijuana, but admitted selling some while defendant was in jail. Defendant and Page G. told D.W. to leave the home; D.W. went to his girlfriend's residence. Defendant and Page G. drove D.W. home the following day. After Page G. and their other children left, defendant confronted D.W. in the room where the marijuana was grown. Defendant, armed with an aluminum baseball bat, told D.W. he would knock his head off if he said anything stupid. When D.W. continued to deny stealing the marijuana, defendant struck him in the shin with the bat. Defendant left the residence when Page G. and the children returned.

2

Defendant was subsequently charged in case No. CRF121645 with corporal injury to a child with personal use of a deadly weapon (§§ 273d, subd. (a), 12022, subd. (b)(1)), criminal threats with personal use of a deadly weapon (§§ 422, 12022, subd. (b)(1)), dissuading a witness (§ 136.1, subd. (b)(1)), subornation of perjury (§ 127), assault with a deadly weapon (§ 245, subd. (a)(1)), and on bail enhancements for all counts (§ 12022.1).

Pleading in both cases, defendant pleaded no contest to corporal injury to a child, corporal injury to a cohabitant, dissuading a witness, and assault with a deadly weapon, and admitted great bodily injury and on bail enhancement. The remaining charges were dismissed with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) The trial court sentenced defendant to 16 years in state prison, imposed various fines and fees, and awarded 166 days of credit (145 actual and 21 conduct) in case No. CRF12011 and 93 days of credit (81 actual and 12 conduct) in case No. CRF121645 (§ 2933.1). In a subsequent proceeding, the trial court ordered $1,681.50 victim restitution to Medi-Cal for Page G.'s and D.W.'s medical expenses and $120 to the home's owner for damages resulting from defendant's marijuana operation.

Defendant appeals. He did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief in which he asserts that the statement of facts in the *Wende* brief filed by appellate counsel are inaccurate, trial counsel filing an inoperative notice of appeal, and requests dismissal of appellate counsel and appointment of substitute appellate counsel.

Our review of the facts of the case show that appellate counsel's statement of facts was not inaccurate. As to defendant's second contention, the record shows a notice of

3

appeal was filed by trial counsel on March 7, 2013, which was filed with this court on the same date and is the basis for the appeal. Finally, we denied defendant's motion for substitute counsel in a separate proceeding.

There is an error in the award of victim restitution to Medi-Cal.

Section 1202.4, subdivision (a)(3)(B) requires the trial court to order the convicted defendant to pay "[r]estitution to the victim or victims, if any, in accordance with subdivision (f) . . . ." In turn, subdivision (f) states, in part, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." Therefore, under the plain language of section 1202.4, "the court may order restitution only to a 'victim.' " (*People v. Slattery* (2008) 167 Cal.App.4th 1091, 1095 (*Slattery*).)

"[T]he term 'victim' has a broad and flexible meaning" (*People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1084), but it is not so broad as to encompass Medicare and Medi-Cal in this case. A "victim" under section 1202.4 "shall include all of the following: [¶] . . . [¶] (2) A corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity when that entity is a direct victim of a crime." (§ 1202.4, subd. (k)(2).) "Thus, Penal Code section 1202.4, subdivision (k) permits restitution to a business or governmental entity only when it is a *direct victim* of crime." (*People v. Martinez* (2005) 36 Cal.4th 384, 393.) Defendant committed no crime against Medi-Cal, so it was not a direct victim eligible for restitution under section 1202.4. Analogous cases so provide. (See *id.* at pp. 386, 393-394 [Department of Toxic Substances Control was not a direct victim of attempted methamphetamine production and may not recover as restitution its costs incurred cleaning up waste material]; *Slattery, supra*, 167 Cal.App.4th at pp. 1096-1097 [the defendant inflicted injury on an elder

4

victim; the treating hospital was not a direct victim of the crime entitled to section 1202.4 restitution even though it incurred economic losses].)  We shall modify the restitution award accordingly.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The restitution award is modified to strike the $1,681.50 in victim restitution to Medi-Cal.  As modified, the judgment is affirmed.  The trial court is directed to forward an amended abstract of judgment reflecting the modification to the Department of Corrections and Rehabilitation.


                                             HULL                    , J.


We concur:


      BLEASE            , Acting P. J.


      NICHOLSON       , J.


5