Filed 2/11/14  P. v. Erbe CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SARA LEE ERBE,<br><br>        Defendant and Appellant. | C073887<br><br>(Super. Ct. No. CRF123981) |

Defendant Sara Lee Erbe pled no contest to theft or unauthorized use of a vehicle, possessing marijuana for sale, and identity theft.  After sentencing defendant to two years eight months' local prison time, the trial court ordered her to pay restitution to two victims:  (1) the owner of the stolen car, to the extent his loss was not reimbursed by his auto insurance carrier, Allstate Insurance (Allstate); and (2) Allstate, for the amount paid to the car's owner and not otherwise recovered in salvage value.

1

Defendant contends, and the People concede, that Allstate is not eligible for victim restitution because it is not a direct victim of the theft offense, as required by Penal Code[1] section 1202.4, subdivision (k)(2). Because we agree, we shall strike the restitution award to Allstate and affirm the judgment as modified.

BACKGROUND

Pursuant to a negotiated disposition, defendant pled guilty to the theft or unauthorized use of Balbir Mangar's vehicle.

Allstate paid Mangar $18,083, the value of the vehicle. After Allstate became the registered owner, it sold the stolen vehicle for the salvage value of $5,810, and sought restitution from the defendant for the difference, $12,273.

For his part, Mangar sought restitution from defendant as follows: $6,000 for the difference between what he paid for the vehicle and what Allstate paid him for the loss; $2,000 for the custom navigation and sound system he had installed into the vehicle; and $500 for his unrecovered policy deductable.

Over the objection of defense counsel, the trial court ordered defendant, at sentencing, to pay restitution to Allstate and Mangar in the amounts sought.[2]

DISCUSSION

Section 1202.4, subdivision (f) provides that, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." Section 1202.4, subdivision (a)(1) states that the victim of a crime who

---

[1]   Undesignated statutory references are to the Penal Code.

[2]   Defendant was held jointly and severally liable for the victim restitution with her codefendant.

incurs any economic loss as a result of the crime "shall receive restitution *directly* from a defendant convicted of that crime." (Italics added.)

The standard of review of a restitution order is abuse of discretion, but "a restitution order 'resting upon a " 'demonstrable error of law' " constitutes an abuse of the court's discretion.' " (*People v. Millard* (2009) 175 Cal.App.4th 7, 26; see also *In re K.F.* (2009) 173 Cal.App.4th 655, 661.)

Defendant argues that Allstate was not entitled to restitution because it was not a direct victim of crime. The People concede the point and we accept the concession as properly made. Section 1202.4, subdivision (k) defines the term "victim" for purposes of restitution. A corporation "or any other legal or commercial entity" is a victim "when that entity is a direct victim of a crime." (§ 1202.4, subd. (k)(2).) "Insurance companies that suffered the consequences of crime only by reimbursing the crime-related losses of their policyholders d[o] not reasonably fit within this definition." (*People v. Birkett* (1999) 21 Cal.4th 226, 233.) Since Allstate was not directly involved in the theft of Mangar's vehicle, and suffered loss due only to payment of a claim, we agree with the parties that Allstate was not a direct victim; therefore, it was not legally entitled to direct victim restitution pursuant to section 1202.4. Allstate must recoup its losses through other means, such as pursuit of a civil lawsuit against the defendants. (See *People v. Slattery* (2008) 167 Cal.App.4th 1091, 1097.)

## DISPOSITION

The judgment is modified by striking the $12,273 in restitution awarded to Allstate Insurance pursuant to section 1202.4, subdivision (f). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment

3

reflecting this modification and to forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.

      ROBIE      , J.

We concur:

    NICHOLSON   , Acting P. J.

    MAURO     , J.