Filed 1/7/16  P. v. Miccio CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062804 |
| v. | (Super.Ct.Nos. FWV1402849 & FWV1403664) |
| MICHAEL MICCIO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed with directions.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Michael Miccio appeals after he plead guilty in case No. FWV1402849 to one count of arson of one's own property and one count of insurance fraud, and in case No. FWV1403664 plead no contest to one count of assault by means likely to produce great bodily injury. Defendant contends that the trial court erred in imposing an order for restitution to the Rancho Cucamonga Fire District, because the fire district was not a direct victim of defendant's crimes. The People concede the issue. Accordingly, we order the judgment modified to strike the improper restitution order.

## FACTS AND PROCEDURAL HISTORY

In May 2014, defendant took his car to an auto dealership service department for repairs. Defendant was unhappy because the repairs took longer than expected, and because the mechanics allegedly damaged some sound equipment in the car. On May 13, 2014, defendant threatened to ram his car into the service department building, which was constructed of glass walls. Defendant was accused by a felony complaint of two counts of criminal threats, one for each of the two dealership employees whose offices were in the service department building.

On or about July 20, 2014, defendant set fire to his car. A police officer responded to the call of a car fire, and found the car fully engulfed in flames. The officer called for the Rancho Cucamonga Fire Department to respond. On investigation, the officer found a cellular telephone nearby. The police determined that defendant owned both the car and the phone.

2

Defendant lived about two blocks away from where the car fire took place. When officers questioned defendant, he reported that his car had been stolen. He signed a stolen car police report under penalty of perjury. Later during the interview, defendant admitted setting the car alight, but claimed it was accidental. As a result of the incident, defendant was charged by an amended felony complaint with one count of arson of one's own property, one count of perjury, one count of insurance fraud, and one count of making a false theft report.

Defendant later agreed to dispose of both cases by plea bargain. The complaint in the criminal threats matter was amended by interlineation to include a charge of assault by means likely to produce great bodily injury. Defendant agreed to plead no contest to this charge, and the criminal threats charges were dismissed. In the car fire case, defendant agreed to plead guilty to arson and insurance fraud; the remaining counts in that complaint were dismissed.

At sentencing, the court imposed the aggravated term of six years in state prison on the arson charge, and a concurrent middle term of three years for the insurance fraud. The court imposed the low term of two years on the assault conviction, to be served concurrently to the offenses in the arson case.

In the arson case (case No. FWV1402849), the court also imposed a restitution fine of $300, a parole revocation fee of $300 (suspended unless parole is revoked), a $60 court security fee, and a criminal conviction assessment of $60. In addition, the court ordered defendant to pay $1,322.23 in restitution "to the victim City of Rancho Cucamonga to be collected by Department of Corrections."

In the assault case (case No. FWV1403664), the court imposed a $300 restitution fine, a $300 parole revocation fee (suspended), a $30 court security fee, and a $30 criminal conviction fee. In each case, the parties stipulated that defendant would receive credit for 266 days of service (133 days actual custody, plus 133 days local conduct credits).

Defendant has appealed, raising as the sole issue the propriety of ordering restitution to the City of Rancho Cucamonga.

ANALYSIS

Defendant argues that the trial court erred in ordering a restitution award of $1,322.23 to the City of Rancho Cucamonga, for fire suppression costs, because the city was not a direct victim of the crime within the meaning of Penal Code section 1202.4.

Penal Code section 1202.4, subdivision (k), provides the definition of a "victim" for purposes of actual restitution orders. "(k) For purposes of this section, 'victim' shall include all of the following:

"(1) The immediate surviving family of the actual victim.

"(2) A corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity when that entity is a direct victim of a crime.

"(3) A person who has sustained economic loss as the result of a crime and who satisfies any of the following conditions:

"(A) At the time of the crime was the parent, grandparent, sibling, spouse, child, or grandchild of the victim.

4

"(B) At the time of the crime was living in the household of the victim.

"(C) At the time of the crime was a person who had previously lived in the household of the victim for a period of not less than two years in a relationship substantially similar to a relationship listed in subparagraph (A).

"(D) Is another family member of the victim, including, but not limited to, the victim's fiancé or fiancée, and who witnessed the crime.

"(E) Is the primary caretaker of a minor victim.

"(4) A person who is eligible to receive assistance from the Restitution Fund pursuant to Chapter 5 (commencing with Section 13950) of Part 4 of Division 3 of Title 2 of the Government Code.

"(5) A governmental entity that is responsible for repairing, replacing, or restoring public or privately owned property that has been defaced with graffiti or other inscribed material . . . ."

As the People concede, the city does not fall within any of the definitions of a "victim" for purposes of ordering victim restitution. Recouping fire suppression costs is not the same as damage to a direct victim of a crime. (*People v. Martinez* (2005) 36 Cal.4th 384, 393.)

In addition, even though defendant failed to object below to the restitution order, he did not forfeit the issue. An improper restitution order is an "unauthorized sentence" and may be challenged at any time. (*People v. Slattery* (2008) 167 Cal.App.4th 1091, 1095.)

DISPOSITION

In case No. FWV1402849, the trial court is directed to strike the order that defendant pay $1,322.23 in restitution to the City of Rancho Cucamonga. The abstract of judgment should be corrected, and a copy of the amended abstract should be sent to the California Department of Corrections and Rehabilitation.

In all other respects, the judgments and sentences in case Nos. FWV1402849 and FWV1403664 are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


HOLLENHORST
J.