Filed 9/12/22  P. v. George CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAMON LAWRENCE GEORGE,<br><br>    Defendant and Appellant. | C095325<br><br>(Super. Ct. No. 62-142891) |

Defendant Damon Lawrence George pleaded guilty to the unlawful burning of his house.  The People dismissed several related charges against defendant, including insurance fraud, without obtaining a *Harvey*[1] waiver.  The trial court imposed $122,377.91 in victim restitution to defendant's insurer and as a condition of probation.  Defendant appeals, arguing:  (1) his insurer did not incur economic losses as a result of

---

[1]    *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

1

his convicted crime; and (2) the restitution imposed as a condition of probation serves no rehabilitative purpose and must be stricken.

We agree with defendant that his insurer is not entitled to restitution and conclude the trial court improperly relied on facts underlying the dismissed insurance fraud claim in ordering restitution as a condition of probation in violation of the *Harvey* rule. Therefore, we reverse the restitution order and strike restitution as a condition of probation. We affirm the judgment in all other aspects.

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant with arson of an inhabited structure (Pen. Code, § 451, subd. (b)—count one);[2] attempted arson of an inhabited structure (§§ 664, 451, subd. (b)—counts two & three); insurance fraud (§ 550, subd. (b)(1) & (3)—counts four & five); and misdemeanor unlawful burning of an inhabited structure. (§ 452, subd. (b)—count six.) Defendant pleaded no contest to count six, and the People dismissed the remaining charges without obtaining a *Harvey* waiver. The trial court asked the parties if they would "stipulate there is a factual basis or agree that the preliminary hearing transcript can constitute the factual basis." Both parties stipulated to the existence of a factual basis. The trial court then placed defendant on one year of informal probation and imposed fines and fees. As a condition of probation, defendant was ordered to serve 66 days in county jail with credit for time served. The trial court reserved jurisdiction over victim restitution, the hearing for which was set on a later date.

Before the restitution hearing, defendant filed a motion arguing his insurer, Farmers Insurance (Farmers), was not a direct victim of his crime of conviction and was therefore ineligible for restitution pursuant to *People v. Birkett* (1999) 21 Cal.4th 226 (*Birkett*). In their opposition, the People cited the facts established in the preliminary

---

**2** Undesignated statutory references are to the Penal Code.

2

hearing and, relying on *People v. Anderson* (2010) 50 Cal.4th 19 (*Anderson*) and *People v. Moloy* (2000) 84 Cal.App.4th 257, contended Farmers was "directly victimized because the defendant burned the house to collect the insurance." The People also argued the court could order restitution as a condition of probation.

At the restitution hearing, the People's witness testified as to the amount Farmers paid to defendant and for fire investigation services. The trial court took the matter under submission.

In a written ruling issued after the hearing, the trial court ordered defendant to pay victim restitution to Farmers and as a condition of probation. In reaching this conclusion, the court distinguished *Birkett* because "the insurance companies in that case reimbursed third-party victims rather than a defendant." It further concluded the payments Farmers made to defendant and the fire investigation expenses Farmers incurred "constitute[d] economic losses directly caused by the defendant's criminal activity within the meaning of California Constitution Art. I, § 28(b)(13)(A) and Penal Code § 1202.4(f)(3)." The restitution amount totaled $122,377.91, consisting of $81,297.66 for alternate living expenses Farmers paid to defendant, and $41,080.25 for fire investigation services. Defendant timely appealed.

## DISCUSSION

On appeal, defendant contends: (1) Farmers did not suffer economic losses as a result of his crime of conviction and is therefore not entitled to victim restitution; and (2) the restitution as a probation condition serves no rehabilitative purpose and must be stricken. We find the trial court abused its discretion in ordering victim restitution to Farmers and as a condition of probation.

# I

## *Victim Restitution*

Defendant contends the evidence before the trial court was insufficient to support the conclusion that Farmers suffered economic losses from his admitted crime. We agree.

A court has a constitutionally mandated duty to order restitution to a victim who "has suffered economic loss as a result of the defendant's conduct." (§ 1202.4, subd. (f); Cal. Const., art. I, § 28, subd. (b)(13)(A).) A business entity is a " 'victim' " under section 1202.4 when the entity is "a direct victim of a crime." (§ 1202.4, subd. (k)(2).)

"Courts have interpreted section 1202.4 as limiting restitution awards to those losses arising out of the criminal activity that formed the basis of the conviction." (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1049.) Restitution may be ordered only for losses arising out of the " ' "criminal conduct for which the defendant has been convicted." ' " (*Crump v. Appellate Division of Superior Court* (2019) 37 Cal.App.5th 222, 246, italics omitted (*Crump*).) Thus, only entities against which the defendant's crime had been committed are entitled to victim restitution. (*Birkett, supra*, 21 Cal.4th at p. 232.)

We review a restitution order for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) The standard of proof at a restitution hearing is by a preponderance of the evidence. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.) A trial court abuses its discretion if the restitution order rests upon a " ' "demonstrable error of law." ' " (*People v. Jennings* (2005) 128 Cal.App.4th 42, 49.)

A.    *Direct victim*

Generally, "an insurer d[oes] not become a 'direct victim' of crime . . . by paying the crime-related losses of its insured under the terms of an insurance policy." (*Birkett, supra*, 21 Cal.4th at p. 245; *People v. Williams* (1989) 207 Cal.App.3d 1520, 1523 [an insurance company does not become a victim of a crime simply because it "made good

4

on its obligation"].) An insurer may still have to provide coverage for reckless crimes committed by its policyholders. (See Ins. Code, § 533 ["[a]n insurer is not liable for a loss caused by the willful act of the insured"]; *California Amplifier, Inc. v. RLI Ins. Co.* (2001) 94 Cal.App.4th 102, 116 ["there may be coverage for negligence, gross negligence and recklessness"].) But insurance companies are entitled to restitution where they are the object of insurance fraud. (*People v. O'Casey* (2001) 88 Cal.App.4th 967, 971; *People v. Moloy, supra*, 84 Cal.App.4th at p. 260.) "The elements generally necessary to find a violation of [insurance fraud] are (1) the defendant's knowing presentation of a false claim, (2) with the intent to defraud. [Citations.]" (*People ex rel. Government Employees Ins. Co. v. Cruz* (2016) 244 Cal.App.4th 1184, 1193.)

Unlike insurance fraud, unlawfully burning a house does not require willful conduct, but only recklessness. (§ 452 ["A person is guilty of unlawfully causing a fire when he recklessly sets fire to or burns or causes to be burned, any structure, forest land or property"]; *In re Kent W.* (1986) 181 Cal.App.3d 721, 723 ["a violator of section 452 must not intend to cause the burning of property"].)

Here, defendant's crime of conviction was unlawful burning, not insurance fraud. The parties stipulated to the existence of a factual basis, without providing any details, for defendant's unlawful burning. Defendant thus admitted only to the elements of section 452, which does not include the intent to cause the burning of his house. (See *People v. French* (2008) 43 Cal.4th 36, 50 ["defendant's plea of no contest constituted an admission to the elements of the charged offense[ ] only"].) Also absent was evidence of defendant's intent to defraud Farmers because the People dismissed the insurance fraud count. (See *People ex rel. Government Employees Ins. Co. v. Cruz, supra*, 244 Cal.App.4th at p. 1193.)

At the restitution hearing, the People's witness testified only as to the payments Farmers made to defendant and the investigative costs Farmers incurred. While the People cited facts established in the preliminary hearing relating to the insurance fraud

claim in the opposition, "the unsworn statements of counsel are not evidence." (*In re Zeth S.* (2003) 31 Cal.4th 396, 414, fn. 11.)  The trial court cannot order defendant to pay restitution for crimes of which he was not convicted.  (*Crump, supra*, 37 Cal.App.5th at p. 246.)

B.       *The* Harvey *rule and section 1192.3*

The People argue the trial court may nevertheless consider facts underlying the dismissed counts because they were "transactionally related" to the unlawful burning. We disagree.

In *Harvey*, our Supreme Court held "it would be improper and unfair to permit the sentencing court to consider any of the facts underlying" a count dismissed pursuant to a plea bargain "for purposes of aggravating or enhancing defendant's sentence." (*Harvey, supra*, 25 Cal.3d at p. 758.)  In reaching this conclusion, the *Harvey* court reasoned: "Implicit in . . . a plea bargain . . . is the understanding (in the absence of any contrary agreement) that [the] defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." (*Ibid.*)  But this rule does not preclude the court from " 'reviewing all the circumstances relating to' " a defendant's admitted offenses in sentencing. (*Ibid.*)  The *Harvey* court denominated such facts as "transactionally related to the offense to which [the] defendant pleaded guilty." (*Ibid.*, italics omitted; *Crump, supra*, 37 Cal.App.5th at p. 246.)

After *Harvey*, the Legislature enacted section 1192.3.  This section provides: "(a) A plea of guilty or nolo contendere to an accusatory pleading charging a public offense . . . did not result in damage for which restitution may be ordered, made on the condition that charges be dismissed for one or more public offenses arising from the same or related course of conduct by the defendant which did result in damage for which restitution may be ordered, may specify the payment of restitution by the defendant as a condition of the plea or any probation granted pursuant thereto, so long as the plea is freely and voluntarily made, there is factual basis for the plea, and the plea and all

6

conditions are approved by the court. [¶] (b) If restitution is imposed which is attributable to a count dismissed pursuant to a plea bargain, as described in this section, the court shall obtain a waiver pursuant to [*Harvey*] from the defendant as to the dismissed count." (§ 1192.3.)

The People contend this section does not apply here because the admitted unlawful burning did result in damage to Farmers. In support of this contention, the People rely on facts underlying the dismissed insurance fraud count, claiming they were "transactionally related" to defendant's burning of his house. The People's argument proves too much.

Section 1192.3, subdivision (a) explicitly states it applies to a plea agreement involving the admission and dismissal of offenses "arising from the same or related course of conduct by the defendant." Thus, the Legislature clearly intended for the statute to apply in situations including where the admitted offenses are "transactionally related" to the dismissed ones. If courts are allowed to consider the facts underlying the dismissed offenses when deciding whether restitution may be ordered in the admitted offenses, as the People suggest, the distinction between admitted and dismissed offenses "arising from the same or related course of conduct" in subdivision (a) would be rendered meaningless, and the statute would become inapplicable in the exact situations it was designed for. Moreover, if the Legislature wanted to adopt the "transactional relationship" exception established in *Harvey*, it easily could have done so. Instead, it chose to incorporate only the waiver portion of *Harvey*. Therefore, when determining whether an admitted offense resulted in damage for which restitution may be ordered under subdivision (a), the court should consider only the facts underlying the admitted offense.

Here, defendant's admitted unlawful burning count did not result in any damage for which restitution may be ordered. Farmers's claim for restitution rests entirely upon the dismissed insurance fraud claim, not the reckless burning. The company is obligated to provide coverage for defendant's reckless acts. (Ins. Code, § 533; *California*

7

*Amplifier, Inc. v. RLI Ins. Co., supra*, 94 Cal.App.4th at p. 116.) No other victim seeks restitution for economic loss caused by the physical injury or property damage he or she suffered in the fire. Thus, section 1192.3 applies and the trial court was required to obtain a *Harvey* waiver from defendant before it imposed restitution based on the dismissed insurance fraud count. Its failure to do so is reversible error.

## II

### *Restitution as a Condition of Probation*

Section 1203.1 gives the trial court broad discretion to impose reasonable conditions of probation. (§ 1203.1, subd. (j); *Anderson, supra*, 50 Cal.4th at pp. 22, 31; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121, 1126-1127.) We review the imposition of conditions of probation for abuse of discretion. (*Anderson*, at p. 32.)

Unlike victim restitution, a condition of probation adds a restriction to defendant's conduct, constituting "adverse sentencing consequence" under *Harvey*. (*Crump, supra*, 37 Cal.App.5th at pp. 246-247; *People v. Beagle* (2004) 125 Cal.App.4th 415, 421.) Thus, the *Harvey* rule, and its exception, apply to the imposition of conditions of probation. (*People v. Martin* (2010) 51 Cal.4th 75, 77; *Crump*, at pp. 246-247.) A trial court is prohibited from imposing a condition of probation based on facts underlying a dismissed count absent a *Harvey* waiver unless those facts are "transactionally related to" the admitted offense. (*Beagle, supra*, at p. 423.) "Cases interpreting the [*Harvey*] exception have identified facts from which it could at least be inferred that some action of defendant giving rise to the dismissed count was also involved in the admitted count." (*Beagle*, at p. 421.)

Here, defendant admitted only to the elements of the unlawful burning, which does not include any intent to burn his house, much less the intent to defraud Farmers. Although defendant filed an insurance claim after the fire, the burning and the filing of the claim were, at most, temporally related. And as anomalous as the result might be in this case, defendant is entitled to coverage from Farmers for his reckless conduct. The

8

tenuous connection between the unlawful burning and insurance fraud therefore does not rise to the status of being "transactionally related." By basing the probation condition on the facts underlying the dismissed insurance fraud claim by concluding Farmers incurred economic losses "directly caused by defendant's criminal activity," the trial court violated the *Harvey* rule.

## DISPOSITION

The restitution order is reversed. The judgment is modified by striking the $122,377.91 in direct victim restitution awarded to Farmers and as a condition of probation. As modified, the judgment is affirmed.


       KRAUSE       , J.


We concur:


      HULL       , Acting P. J.


      EARL       , J.